Langley *v.* Adams.

† LANGLEY *versus* ADAMS *& al.*

Bail taken on mesne process is discharged by a subsequent increase of the *ad damnum*.

ON FACTS AGREED.

DEBT, on a bail bond.

Henry A. Head, one of the defendants, signed a bail bond for the other defendant in a former suit.

While that suit was pending, the *ad damnum* was increased, on motion of the plaintiff, and by consent of the counsel for Adams, under leave of Court. Judgment was entered for plaintiff and execution issued and a return made thereon by the officer of *non est inventus*.

In the present suit no service was made on Adams, and Head only appeared.

If this suit is maintainable against Head, a default was to be entered; otherwise, a nonsuit.

*M. L. Appleton,* for defendant, cited *Bean* v. *Baker,* 17 Mass. 591; *Hill* v. *Hunnewell,* 1 Pick. 192; *Willis* v. *Crooker,* 1 Pick. 204; *Brigham* v. *Este,* 2 Pick. 420; *Putnam* v. *Hall,* 3 Pick. 445; *Mooney* v. *Kavanagh,* 4 Greenl. 277.

*Knowles & Briggs,* for plaintiff.

RICE, J. — The action is debt upon a bail bond. No service, in this action, has been made upon Adams. Head only defends. The case finds that the plaintiff, in 1847, sued out a writ against Adams, (the principal in the bond now in suit,) on which he was arrested and held to bail. Head became his surety. The *ad damnum* in that writ was one hundred and forty-seven dollars. After the bond had been given and

the action entered in Court, without the knowledge or consent of the defendant Head, the *ad damnum* in the original writ was increased.

This was a material alteration in the contract for bail into which the defendant had entered, and by which his liability was changed. He had a right to insist on terms of his contract as originally made, and it was not competent for other parties, without his consent, to increase his liability on that bond. By so doing, they destroyed its validity as to him. *Bean* v. *Baker*, 17 Mass. 591; *Hill* v. *Hunnewell*, 1 Pick. 192; *Willis* v. *Crooker*, 1 Pick. 204.

The nonsuit was properly ordered and must stand.

APPLETON, J., having been of counsel in this case, took no part in the decision.