SAGE VS. STRONG.

SURETY *for alimony, how discharged.*

1. A divorced husband was adjudged to pay the former wife, for the support of their children, a certain annual sum in quarterly installments, on specified days; and he gave a bond, with surety, for such payment. Afterwards, on the wife's petition, and without the consent of the husband or his surety, the judgment was modified so as to require payment of a larger annual sum, in quarterly installments, on different days from those previously named. *Held*, that the surety was discharged.
2. *It seems* that if the last judgment had been merely that the husband pay a sum additional to that first allowed, leaving the original sum undisturbed, the surety would remain liable

APPEAL from the Circuit Court for *Fond du Lac* County.

In October, 1874, the circuit court rendered a judgment for a divorce in an action between the plaintiff, *Mrs. Sage*, and her husband, A.W. Sage, and adjudged that said A.W. Sage pay to the plaintiff, for the support of their minor children (the custody of whom was given to her), one hundred and twenty dollars per annum, payable in quarterly installments on the first days of November, February, May and August in each year. Thereupon A. W. Sage, and the defendant in this action as his surety, executed the following agreement: "For value received, I promise to pay *Mary A. Sage*, for the support of her children, mentioned in the decree of divorce obtained in the circuit court of Fond du Lac county on the 15th day of October, 1874, the sums of money therein described, at the times therein mentioned; being the sum of one hundred and twenty dollars, payable quarterly on the first days of November, February, May and August, of each year, according to the terms of said decree. Ripon, Wis., November 5, 1874. AMANZO W. SAGE, B. F. STRONG."

In January, 1875, the court modified such judgment on the petitition of the plaintiff, so as to require her former husband to pay two hundred and eight dollars per annum for the purpose aforesaid, in quarterly installments to be paid on the first days of January, April, July and October, in each year.

This action was brought to recover the installment of thirty dollars which, it was claimed, became due under the above agreement May 1, 1875. The defendant appealed from a judgment rendered against him for the amount of such installment, interest and costs.

The cause was submitted for both parties upon briefs.

*E. L. Runals*, for the appellant, argued, among other things, that the contract of a surety is to be strictly construed, and he is not to be held beyond its strict terms (2 Cai. Cas., 1; 10 Johns., 180; 16 id., 100; 8 Wend., 512, 516; 13 N. Y., 232; 61 id., 360; 15 Pet., 187; 9 Wheat., 680, 702; 21 How.,

66; 15 Gray, 173); that extending or shortening the time of payment releases the surety (31 Barb., 297; 11 Abb. Pr., 142; 6 Hill, 540; 2 Coms., 185; 10 N. Y., 476-7; 25 id., 479; 33 id., 31; 29 Iowa, 448; 18 Wis., 100); and it need not be shown that the surety was injured. 2 Mer., 272; 2 Ves. Jr., 540; 7 Paige, 451; 11 id., 11; 61 N. Y., 42; 1 Ill., 409; 3 Wash. C. C., 70; 15 Pet., 187; 9 Wheat., 680; 21 How. (U. S.), 66.

*A. B. Hamilton*, for respondent, contended that the contract sued on was not connected with either decree, but was an independent and absolute agreement of *Strong* to pay the plaintiff $120 in a specified manner, and therefore it could not be affected by a subsequent increase of the amount which A. W. Sage was required to pay. 2. That the contract was executed by *Strong* with full knowledge that the court could alter the judgment for alimony on the petition of either party, and he was therefore estopped from denying his liability.

LYON, J. The instrument upon which this action is brought, was signed by the defendant as surety for A. W. Sage. It is so stipulated in the case. The legal effect of the instrument is, that the defendant undertook that Sage should perform the requirements of the original judgment in the divorce suit in respect to the payment of allowances. The only question presented for our determination on this appeal is, Did the modification of that judgment release him from such undertaking? We think this question must be answered in the affirmative. The defendant's liability is limited by the original judgment; and that, if not destroyed, has been very materially altered without his consent. The rule is elementary, and of almost universal application, that a surety for the performance of a contract or obligation is discharged if such contract or obligation be materially changed without his consent. That rule is applicable here. The defendant became surety for the payment to the plaintiff of thirty dollars on the 1st day of May, 1875, pursuant to a judgment which re-

quired A. W. Sage to pay her that sum on that day. Before the payment became due, the court, at the instance of the plaintiff and without the consent of the defendant, so modified the judgment that no sum was due her on that day, but a larger sum became due to her from A. W. Sage on another day. This left no judgment to which the undertaking of the defendant is applicable, and necessarily relieved him from liability.

Had the last judgment been merely that the former husband of the plaintiff pay her a sum additional to the sum allowed in the original judgment, leaving such original judgment undisturbed, it is probable the defendant would remain liable as surety. But that course was not pursued.

This case is not taken out of the general rule above stated by the fact that the defendant entered into the agreement with knowledge that the court had power to alter the judgment for alimony. Any person who becomes surety for the performance of an obligation does so with knowledge that such obligation may lawfully be altered by the principals. Nevertheless if they do alter it without his consent, he is discharged. And so it must be if a secured judgment be altered without the consent of the surety.

We conclude that the defendant is released from liability by the modification of the original judgment; and hence, that the complaint should have been dismissed.

*By the Court.* — Judgment reversed, and cause remanded for further proceedings according to law.