NICHOLS, Administratrix, vs. PALMER and another.

*December 20, 1879 — January 7, 1880.*

*Discharge of Surety.*

1. A surety for the performance of a contract is discharged by any subsequent material change therein.

2. Thus, where, during the life of a lease for three years, an agreement was entered into by lessor and lessee, by which the latter was to surrender the premises at the end of the second year, and pay certain sums, etc., in full of all rent due under the lease: *Held*, that a surety for the performance, by the lessee, of the original lease was discharged by such agreement.

APPEAL from the Circuit Court for *Manitowoc* County. On the 15th of October, 1875, plaintiff, as administratrix of Lemuel P. Nichols, deceased, executed a lease to the defendant *Palmer* of certain lands belonging to said estate, for a term of three years from said date, at an annual rental of $225, of which $50 were to be paid in improvements, and the remainder in two cash installments each year. The first cash installment was to be paid November 10, 1875; the second October 16, 1876; and others on corresponding days of the successive years. *Palmer* executed a bond for the performance of the covenants of the lease on his part, with his codefendant *Vanderlip* as surety. On the 19th of April, 1877, plaintiff and *Palmer* executed certain articles of agreement, by the terms of which *Palmer* agrees to surrender possession of the premises by October 15, 1877, and also to pay plaintiff $125, and "give her the same cow she left him, sheep and pigs in proportion as though his time had expired, and that sum is to include all parcels of rent whatever might be. He will also allow any parties whom she may designate to commence plowing as soon as his crops are taken from the field."

Afterwards (but the printed case does not show when), plaintiff brought this action on the bond, for $50, balance of rent alleged to have become due November 10, 1877, with

interest. As a witness in her own behalf she testified that $75 had been paid her on this last agreement, after October 15, 1877, and the remainder of the $125 was still due.

On defendants' motion the court ordered a nonsuit; and plaintiff appealed from the judgment.

For the appellant, there was a brief by *H. G. & W. J. Turner*, and oral argument by *W. J. Turner*.

For the respondents, the cause was submitted on the brief of *Henry Sibree*.

ORTON, J. It is clearly apparent, from the transaction itself, that the respondent *Vanderlip* was a mere surety on the bond conditioned for the performance of the terms of the lease on the part of the respondent *Palmer*. His liability, therefore, was *strict*, and depended *exclusively* upon the failure of *Palmer* to perform the conditions of the lease. It is also apparent that the lease, as such, although not formally surrendered or discharged, had been fully discharged and superseded by a new agreement between the appellant and *Palmer*, entered into April 19, 1877, which was the result of a full settlement of all the matters of the lease, and the consideration of the surrender of the leasehold estate one year before the time fixed by the lease, and constituted a new and independent agreement, for the performance of which *Vanderlip* is not in any way bound.

By every reason, and by all of the authorities, under such circumstances, *Vanderlip* was discharged from all liability as surety on the bond by the material alteration of its conditions by this new agreement; and it is self-evident that he never made himself liable by reason of *Palmer's* default in not complying with the terms of an agreement not mentioned in or contemplated by the bond.

" The obligation of a surety on a bond is *strictissimi juris*, and nothing can be taken against him by inference or intendment." *Smith v. Lockwood*, 34 Wis., 72.

In *Sage v. Strong*, 40 Wis., 575, Mr. Justice LYON, in his opinion, says: "The rule is elementary, and of almost universal application, that a surety for the performance of a contract or obligation is discharged if such contract or obligation be materially changed without his consent." It is needless to multiply authorities after this decision, and in a case perfectly parallel in principle to this. Without considering other reasons, we think, from this view of the case alone, the nonsuit was properly granted.

*By the Court.* — The judgment of the circuit court is affirmed, with costs.