(May 21, 1902.)

## SMITH v. HANER.

[69 Pac. 109.]

WHEN SURETY ON STAY BOND NOT LIABLE.—When suit is instituted in probate court and prosecuted to judgment, an appeal to district court perfected and stay bond executed, the complaint so amended in the district court as to add a new cause of action and materially change the issues tried in the lower court, the sureties cannot be held, and it is a matter of defense to the action.

CONSTITUTIONAL LAW—STATUTE.—The act of February 14, 1899, providing "a form for undertakings in civil and criminal actions" is constitutional.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

McFarland & McFarland, for Appellants.

To constitute an obligation enforceable in law, the rights and liabilities given and imposed must be definite and certain. (Clark on Contracts, 10; Lawson on Contracts, sec. 10.) Because the act of the legislature under which the undertaking was given, viz., the act entitled, "An act to provide a form for undertakings in civil and criminal actions," approved February 14, 1899 (Laws 1899, p. 235), is invalid and unconstitutional, in that said act seeks to revise and amend various sections of the Revised Statutes, but does not set forth or publish at full length, or at all, the sections thereby sought to be revised or amended. (Idaho Const., art. 3, sec. 18; Black on Interpretation of Laws, p. 361, sec. 134; Cooley's Constitutional Limitations, 180, 181; Sutherland on Statutory Construction, secs. 131, 132.) The act is further invalid in that all of the subject thereof is not expressed in the title. (Idaho Const., art. 3, sec. 16.) Appellants plead that after the appeal reached the district court the issues were changed, and respondent's claim enlarged without the knowledge or consent of appellants; that respondent substituted a new complaint in which another and new cause of action was added and stated

upon a promissory note for $125, which was not embraced in
the original complaint, and which formed no part of the is-
sues in the probate court. This is a good defense, and has
almost invariably been upheld by the highest courts of this
country. (Brandt on Suretyship and Guaranty, sec. 397;
*Sage v. Strong,* 40 Wis. 575; *Willis v. Crocker,* 1 Pick. (Mass.)
204; *Langley v. Adams,* 40 Me. 125; *Irwin v. Sanders,* 5 Yerg.
(Tenn.) 287; *Bean v. Parker,* 17 Mass. 591.) Any material
change in the issues on appeal without their consent discharges
the sureties. (*Post v. Shafer,* 63 Mich. 85, 29 N. W. 519;
*Taylor v. Dansby,* 42 Mich. 82, 3 N. W. 267; *Shriner v. High-
thue,* 7 Blackf. (Ind.) 238; *Curry v. Barclay,* 3 Ala. 484; *Hub-
bell v. Bissell,* 2 Allen (Mass.), 196; *Hill v. Hunnewell,* 1
Pick. (Mass.) 192.)

George W. Tannahill and I. N. Smith, for Respondent.

There is no defense stating that the judgment appealed from
to the district court was not stayed. The sureties gave the bond
on the condition that the judgment be stayed, which was done,
and therefore, after having enjoyed the fruits of the contract
they cannot be heard now to complain that their own contract
is void for uncertainty. Section 798 of the Code of Civil Pro-
cedure of California is identical with section 4842 of the Re-
vised Statutes of Idaho, and was construed fully in the case of
*Pieper v. Peers,* 98 Cal. 42, 32 Pac. 700; *Babbitt v. Finn,* 101
U. S. 715, 25 L. ed. 820; *Gorden v. Third Nat. Bank,* 56 Fed.
792-796; 1 Ency. of Pl. & Pr. 1019, citing cases. Appellants
insist that the act of the legislature, as expressed in Session
Laws of 1899, page 235, is void, because of defective title, and
of not setting out the statute which it purports to amend or
revise. This contention is untenable on either ground. First,
the requisite as to the title of an act as found in the constitu-
tion of Idaho, article 3, section 16, is plainly intended to pre-
vent fraud, or interpolation of subjects foreign to, and not
consonant or consistent with, the matter provided and specified
in the title of an act into the act itself. (See the late case of
*Ek v. St. Paul Permanent Loan Co.,* 84 Minn. 245, 87 N. W.
844.)

STOCKSLAGER, J.—The plaintiff commenced an action in the probate court of Nez Perces county against one N. S. Soper. On the twenty-sixth day of September, 1899, a judgment was rendered in said court in favor of plaintiff for the sum of $243.28 and $8.55 costs. Said Soper appealed from this judgment to the district court of said county, and on the same day filed a stay bond in said probate court, said bond being executed by the defendants to this action. On the twenty-second day of March, 1901, a judgment was rendered on this appeal, a verdict of a jury in favor of the plaintiff having theretofore been rendered in said court. The complaint shows a detailed statement of these facts. To this complaint a demurrer was interposed by the defendants, which was overruled by the court, and thereafter an answer was filed attacking the constitutionality of the statute providing for appeals from the probate to the district court, denying generally the averments of the complaint, and by way of defense setting out the following facts: "That said action of Walter Smith, plaintiff, against N. S. Soper, defendant, was originally brought in said probate court to recover of said Soper the sum of $273.28, and that judgment was rendered in said action in said probate court in favor of plaintiff and against said Soper for $243.28, and the further sum of eight dollars and fifty-five cents costs; that, while said action was pending in this court on appeal from said probate court, plaintiff, without knowledge or consent of these defendants, was permitted to substitute a new complaint, in which another and new cause of action was added and stated, upon a promissory note for $125, which said promissory note was not sued or declared upon in the original complaint in said action of Walter Smith against N. S. Soper, nor was the same embraced in the pleadings or issues in said action while the same was pending in said probate court, but was added thereto, without defendants' knowledge or consent, after said appeal had been perfected; and defendants allege that, aside from the question of costs by reason of said promissory note being added to plaintiff's said action as aforesaid, the judgment of this court in said action was for $125 more than it otherwise would have been, and that defendants ought not to be bound

by said judgment." To this answer a demurrer was filed, which was sustained by the court, and upon motion a judgment was entered for the plaintiff for the full amount of his claim on the pleadings.

Appellants assign the following as error: 1. The court erred in overruling appellants' demurrer to the complaint; 2. The court erred in sustaining respondent's demurrer to appellants' answer; 3. The court erred in sustaining respondent's motion to strike out the separate defense stated in appellants' answer; 4. The court erred in granting and rendering judgment upon the pleadings. We will take up the assignments of error in the order named.

We think the complaint fully and fairly stated a cause of action against the defendants, and the demurrer to the complaint was properly overruled. The defense attempted to be pleaded in the answer, that the statute under which said undertakings were given is unconstitutional, is without merit.

As to the second assignment, we are of the opinion the court erred in sustaining respondent's demurrer to appellants' answer; and, if this be true, it was error to strike out the separate defense stated, and also to grant and render judgment upon the pleadings.

If it be true that after the case had been appealed from the probate court to the district court a complaint was substituted for the original, or an amendment by which a separate and distinct cause of action was averred, to which these defendants never gave their consent, it was a matter of defense, and they should have been permitted to be heard. It is not sufficient to say the judgment was about equal in amount in both courts. The case was tried in the district court by a jury, and we are not informed, nor can anyone know, excepting the jurors, upon what particular issues their verdict was based. The entire amount of $125, as shown by the promissory note alleged in the answer to have been added to the original demand after the defendants had executed the bond, may have been considered and allowed in their award for the plaintiff. Mr. Brandt, in his excellent work on Suretyship and Guaranty, in discussing this subject, under the head, "When Surety in Appeal Bond Dis-

charged if His Risk Increased," says: "A case was commenced before a justice in which judgment was recovered against the defendant, and he appealed to the circuit court. In the circuit court the *ad damnum* was, by stipulation between the principal and creditor, increased to an amount beyond the jurisdiction of the justice. The case was afterward tried, and a judgment recovered against the defendant for an amount within the jurisdiction of a justice. Held, the sureties in the appeal bond were discharged." The court said, if the *ad damnum* had been increased in a manner which the court might have ordered without consent of parties, the sureties would not have been discharged, because that would have been a contingency which they should have contemplated, but their contract was *strictissimi juris,* and they were not bound by any unauthorized act of their principal. Where a *capias* issued in a civil case by a justice of the peace was defective in not stating the Christian names of the plaintiffs, and a judgment was recovered before the justice, and an appeal taken, and the *capias* was amended in the court above by inserting said Christian names, it was held the surety on the appeal bond was discharged by such amendment. If this rule is the correct one—and we are of the opinion it should prevail—the demurrer to the answer of the defendants should have been overruled, and they should have been permitted to show that the complaint had been so amended in the district court, and after they had executed the undertaking, as to materially change the issues. (*Sage v. Strong,* 40 Wis. 575; *Willis v. Crooker,* 1 Pick. 204; *Langley v. Adams,* 40 Me. 125; *Irwin v. Sanders,* 5 Yerg. 287.)

Judgment of the lower court reversed, and cause remanded for further proceedings in harmony with this opinion; costs awarded to appellants.

Quarles, C. J., and Sullivan, J., concur.