## MATILDA A. MOODY *vs.* GEORGE A. OSGOOD.

In an action to recover damages for a personal injury, the damages are not to be estimated by, or proportioned to, the wealth of the defendant. Indirect proof of the defendant's wealth is just as inadmissible as direct proof, and for the same reasons.

A married woman is not liable for the doctor's or nurse's bill, contracted for attendance upon her; unless she has charged her separate property therewith. The husband is liable for these expenses, and in an action brought by him they will constitute component parts of the damage sustained by him.

Hence, in an action by a married woman to recover damages for a personal injury, occasioned by the negligence of the defendant, she cannot recover the physician's and nurse's bills, as an item of damages.

THIS is an appeal by the defendant from a judgment entered on the verdict of a jury, and from an order denying the defendant's motion for a new trial on the judge's minutes. The action, as appears from the complaint, was brought by the plaintiff against the defendant for *carelessly and negligently* driving his horses and sleigh against her while she, said plaintiff, after leaving a car of the Eighth Avenue Railroad Company, was attempting to cross said avenue from the track of said railroad to the sidewalk. The answer denied all negligence, and set up concurrent negligence in the plaintiff.

The jury rendered a verdict for the plaintiff for $3500.

At the close of the plaintiff's case, the defendant's counsel moved to dismiss the complaint on the ground of negligence on the part of the plaintiff, which motion was denied, and an exception taken. Various exceptions were taken to evidence introduced by the plaintiff.

Exceptions were also taken to the exclusion of evidence offered by the defendant. And there was an exception to the allowance by the judge of proof of what the defendant paid for the horses he was driving, at the time of the accident.

*Thomas T. C. Buckley,* for the appellant. I. In actions of this description, the following legal propositions as conditions precedent to the plaintiff's right of recovery, are believed to be settled by authority : 1. That the injury complained of resulted solely from the negligence of the defendant. (20 *N. Y. Rep.* 65.) 2. That the plaintiff was entirely free from any degree of negligence which contributed to the injury. 3. That each of these essential elements of the cause of action must be by itself in the case, on the evidence, or there can be no recovery. (24 *N. Y. Rep.* 432.) 4. That the plaintiff has the burden of proof and must furnish to entitle him to recover, preponderating evidence. 5. That he is not entitled to recover on a case where the evidence is equally consistent with the absence as with the existence of negligence in the defendant. In support of the above propositions I refer to the following authorities : *Wilds* v. *Hudson River Railroad Co.,* (24 *N. Y. Rep.* 432 ;) *Lehman, administrator,* v. *The City of Brooklyn,* (29 *Barb.* 234 ;) *Wilds* v. *Hudson River Railroad Co.* (*Court of Appeals the second time,* 29 *N. Y Rep.* 331, *and cases cited by Mr. Reynolds, in his argument, p.* 332.) No law laid down in those cases is at all altered or qualified by the recent case of *Ernst* v. *The Hudson River Railroad Co.,* (35 *N. Y. Rep.* 10, *see pages* 37–40.) All that that case can be rightfully claimed to decide is, that at present the question of negligence is usually a question of fact to be disposed of by the jury under proper instructions from the court. As additional authorities in support of the view above suggested, as to the burden of proof being on the plaintiff, and that where the evidence is equally consistent with the existence or non-existence of negligence, the plaintiff cannot recover, I cite : *Withers* v. *North Kent R. Co.,* (3 *H. & N.* 969, *Bramwell B.;*) *Cotton* v. *Wood,* (8 *J. Scott, N. S.* 566 ;) *Toomey* v. *London, Brighton, &c. R. R. Co.,* (3 *id.* 146.)

II. If the above legal propositions are correct, the defendant, it is submitted, had a right to have them announced to

the jury as single, definite, legal propositions, unaccompanied by any additions or explanations tending either to dilute their effect, or by rendering them uncertain, to confuse the jury. (*See Wilds* v. *Hudson River Railroad Co.*, 24 *N. Y. Rep.* 442.) 1. These propositions, or requests substantially embodying them, were presented by the defendants. 2. The first request certainly contained a sound legal proposition, (see *Johnson* v. *Hudson River R. R. Co.*, 20 *N. Y. Rep.* 65, 5*th marginal note to that case*,) which the defendant was entitled to have clearly stated to the jury, separate from the commentary thereon in which the court indulged, and the exception to the refusal to charge that request, it is submitted, is well taken. 3. The same remark applies to the refusal to charge the second and third requests, and the exception to the qualification connected with the charge as given on those requests was well taken.

III. The evidence on the part of the plaintiff contained in her own testimony, shows that before she left the car she looked up and down while standing on the step, for vehicles, and that she turned around in alarm after she had taken four or five steps to the sidewalk. Other witnesses for the plaintiff clearly noticed that horses and sleighs were coming up the avenue at a rapid pace, and that there was danger, when the plaintiff left the car to cross in front of them. This was legal negligence entitling us to a nonsuit. (29 *N. Y. Rep.* 321, 325, 331.) The defendant testified that if she had gone on to the side walk instead of turning around, he would have have cleared her, and his brother, who was in the sleigh with him, swore " that the plaintiff walked on to about half way across from the car to the sidewalk, turned, hesitated, and, as it were, stopped." The evidence shows that the defendant, the moment he observed the plaintiff, which he could not do at first by reason of her getting out at the upper end of the car, did all he could by pulling up his horses and turning their heads to the left, to clear her. Under such circumstances, the defendant was entitled, if not to all

of the requests, at least to some one of them, and there is a specific exception to the refusal to charge each. (*Delafield* v. *Union Ferry Co.*, 10 *Bosw.* 219.)

IV. The judge erred in his charge on the question of damages.

V. Under the appeal taken by the defendant from the order denying his motion for a new trial, the court should look at the whole case. If they will do so, it will be perceived that the defendant should have relief against a verdict which is : 1. Excessive as to damages. 2. The result of a charge from the court, the whole tone of which was unduly favorable to the plaintiff, and adverse to the defendant.

*Wm. Fullerton* and *John McKeon,* for the respondent. I. The motion to dismiss the complaint was properly refused. There was no negligence on the part of the plaintiff. Her conduct did not come within the definition of negligence. Negligence is defined by Baron Alderson to be " either the omitting to do something that a reasonable man would do, or doing something that a reasonable man would not do, either case causing mischief to the third party." (*Blythe* v. *Waterworks,* 36 *E. Law & Eq.* 506–8. *Brown* v. *New York Central Railroad,* 34 *N. Y. Rep.* 404. *Stokes* v. *Saltonstall,* 13 *Peters,* 181.) If the negligence of the plaintiff had nothing to do with the collision, the defendant had no right to seek on that account to excuse his negligence, which caused the injury to the plaintiff. (*Haley* v. *Earle,* 30 *N. Y. Rep.* 210.) The plaintiff acted with such precaution as a person of ordinary prudence would use under the same circumstances, and that is sufficient. The plaintiff was lawfully in the public highway. The right of the plaintiff to use it was as perfect as that of the defendant. In the exercise of her legal privilege she did not expose others to injury, and was charged with no duty of extraordinary vigilance. A man is under no obligation to be cautious and circumspect towards a wrong doer. (*Tonawanda Railroad Company* v.

---

Moody *v.* Osgood.

---

*Munger,* 5 *Denio,* 266.   *Ernst* v. *Hudson River Railroad,*
35 *N. Y. Rep.* 9.   *Fero* v. *Buffalo Railroad Company,* 22
*id.* 213.)

II.  The charge of the court, submitted fairly to the jury
the law of the case.  "It informed the jury that if they found
the plaintiff was guilty of negligence, then no matter how
they found as to the conduct of the defendant ; whether he
was guilty or not, the plaintiff could not recover ; but that
if he was negligent and she was not, then the plaintiff was
entitled to recover.   Under such a charge, leaving the
question of negligence entirely to the jury, the finding of a
jury will not be disturbed by the court.   (*Ernst* v. *Hudson
River Railroad,* 35 *N. Y. Rep.* 9.)

III.  The rule of damages was properly given by the court
to the jury.   They were not to be vindictive, they were to be
renumerative to the full extent for what, under the evidence,
the plaintiff suffered, and for what the evidence satisfied the
jury she would suffer hereafter.   A plaintiff may recover
damages not only for her pain and suffering down to the time
of the trial, but for her future suffering, if the evidence shows
such to be the effect of the injury.   For an injury to the
person resulting from a single act, a single action can be
brought, and therefore on the trial the nature and extent of
the injury in all its consequences should be considered, other-
wise the plaintiff would be deprived, in many cases, of the
larger portion of the compensation she may justly claim,
and damages given be wholly disproportionate to the injury
sustained.   In a case like the present, where the defendant's
act evinced a reckless indifference to the rights of others,
even exemplary damages might be given.   (*Caldwell* v.
*Murphy,* 1 *Duer,* 233.   *S. C.* 1 *Kern.* 416.   *Wallace* v.
*Mayor, &c.* 2 *Hilton,* 440.)

*By the Court,* GEORGE G. BARNARD, P. J.   This action
is brought by the plaintiff, a married woman, to recover
damages for injuries sustained by her in consequence of being

run over by the defendant, who was driving a sleigh with a span of horses.

In the course of the trial the defendant, on his cross-examination, was asked, " What did these horses cost you ?" The question was objected to, but the objection was overruled, and an exception taken. The witness in answer, said that one of them he had not bought at that time, and the other one cost him $3000. In charging the jury the judge, among other things, charged that if the jury found for the plaintiff at all, the necessary expenses for her sickness, including the doctor's bill, and nurse's, were items to be included by them in their estimate of the damages sustained by her.

The defendant requested the judge to charge that in this case the necessary expenses of physician's and nurse's bills, were not recoverable in this action, as an item of damages. The judge declined so to charge, and the defendant excepted. In both the above respects there was error. The cost of the horses had no bearing on the question of negligence on the part of the defendant, or want of negligence on the part of the plaintiff. (*Palmer* v. *Haskins*, 28 *Barb.* 91. *Myers* v. *Malcom*, 6 *Hill*, 293. *Dain* v. *Wycoff*, 3 *Seld.* 191.)

Damages in these cases are not to be estimated by, or proportioned to, the wealth of the defendant. Indirect proof of the wealth of the defendant is just as inadmissable as direct proof, and for the same reasons.

A married woman is not liable for the doctor's or nurse's bills, contracted for attendance upon her, unless she has charged her separate property therewith, of which there is no proof in this case. She, therefore, is not entitled to compensation for those items. The husband is liable for these expenses ; and in an action brought by him, they will constitute component parts of the damage sustained by him. We cannot say that the admission of the evidence as to the cost of the horses, and the refusal of the judge to charge as above requested, did not materially prejudice the defendant:

on the contrary, the necessary tendency of both the admission and the refusal was to prejudice—the refusal as making him liable for items for which he is not liable in this action, but in an action to be brought by the husband ; the admission as tending to enhance the damages by reason of an improper element, to wit, the wealth of the defendant.

For these reasons, without referring to any of the other questions raised, the judgment must be reversed, and a new trial granted ; costs to abide event of the action.

[NEW YORK GENERAL TERM, January 6, 1868. *Geo. G. Barnard, Ingraham* and *Sutherland*, Justices.]