### SENGPEIL vs. SPANG.

APPEAL FROM JUSTICE'S COURT. *Liability of surety in undertaking to stay proceedings.*

Since sec. 229, ch. 88, R. S. 1849, was superseded by sec. 259, ch. 3, title 2 of the Code of Procedure of 1856 (R. S. 1858, ch. 120, sec. 208; R. S. 1878, sec. 3756), if an appeal from a justice's judgment be dismissed by the circuit court at the instance of the appellant, while the judgment of that court may go against the surety in the statutory undertaking to stay proceedings on the justice's judgment pending the appeal (as well as against the appellant), yet the surety is not liable on the judgment of the justice.

APPEAL from the Circuit Court for *Iowa* County.

Defendant appealed from a judgment rendered against him as surety in an undertaking on appeal from a justice's court to the circuit court.

Sengpeil vs. Spang.

*M. J. Briggs*, for appellant.

*J. P. Smelker*, for respondent.

ORTON, J. The plaintiffs recovered a judgment against one John Saar before a justice of the peace, from which Saar appealed to the circuit court; and, to stay execution thereon, together with this appellant as surety, executed the undertaking required by sec. 208, ch. 120, R. S. 1858. The appeal was dismissed by the circuit court at the instance of Saar, the appellant, and judgment was in form rendered dismissing said appeal, and for costs against the said Saar and this appellant, as the surety on said undertaking, jointly. This action is brought upon the same undertaking, against this appellant, the surety, alone, to recover the amount remaining unpaid of the original judgment before the justice.

There are several questions raised upon this appeal, which will not be considered, as there is one question of paramount importance affecting the ground of the action, the decision of which will be fatal to the recovery. From a careful examination of the statutes relating to appeals from justices of the peace and proceedings thereon, we are clearly of the opinion that there is a material omission to provide security, either by recognizance or undertaking, for the payment of the judgment of the justice in case of the dismissal of the appeal. Such provision was made by the recognizance required by sec. 229, ch. 88, R. S. 1849, one condition of which was: "Or if his appeal shall be *dismissed* or *discontinued*, that he will pay the judgment recovered against him before the justice, and the interest thereon, with costs of the appeal."

The section was repealed, and the recognizance thereby required superseded by the undertaking provided for in sec. 259, ch. 3, title 2 of the Code of Procedure of 1856, which was adopted without change in the revisions of 1858 and 1878. This very material omission occurred through undue haste, want of intelligent consideration or proper deliberation, in the

Sengpeil vs. Spang.

adoption of the New York Code, and through ignorance or disregard of the wisely considered and long established practice in this state, which it superseded and replaced; and is one amongst many omissions and incongruities of that radical and revolutionary change of legal procedure.

The present undertaking provides only for the payment of the judgment of the circuit court against the appellant; and so far it seems this understanding has been made effectual, if it is not entirely exhausted, by the joint judgment for costs against Saar and this appellant, his surety, by the circuit court, upon the dismissal of the appeal. We do not think that such a material omission or defect in the statute, in not providing in terms for the payment of the judgment of the justice on the dismissal of the appeal, by the undertaking to be given to stay the execution thereon pending the appeal, can be cured by construction, where the statute of 1849 so explicitly provides for this precise contingency, and the subsequent statutes fail to so provide even by the widest latitude of implication, and where the liability of the surety is so clearly limited, not only by the law, but by the very terms of the undertaking actually given.

That a surety is not liable, and cannot be charged, beyond the *strict terms* of his engagement, is an elementary principle. Brandt on Suretyship, etc., § 79.

The complaint fails to state a cause of action against the appellant; and the judgment is fatally erroneous because not sustained by the undertaking received in evidence.

*By the Court.* — The judgment of the circuit court is reversed, with costs, and the cause remanded with direction to dismiss the action.