WILLIAM DRINKWATER, Respondent, *v.* WILLIAM B. DINSMORE, Appellant.

In an action to recover damages for personal injuries alleged to have been caused by defendant's negligence, after plaintiff had given evidence of loss of wages as an item of damages, he was asked on cross-examination if he was not paid his wages by his employer during the time he was sick, this was objected to and excluded. *Held*, error; that defendant was entitled to show that plaintiff did not suffer such loss.

*Yates* v. *Whyte* (4 Bing [N. C.], 272); *Althorf* v. *Wolfe* (22 N. Y., 355); *Harding* v. *Townshend* (43 Vt., 536), distinguished.

(Argued March 4, 1880; decided March 19, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been occasioned by an obstruction placed in a highway by defendant's servants.

The facts appear sufficiently in the opinion.

*Charles A. Davison,* for appellant. Plaintiff could only recover actual damages. (*Hamilton* v. *Third Ave. Ry. Co.,* 53 N. Y., 25; *Baker* v. *Drake,* id., 211; *Ransom* v. *N. Y. and Erie Ry. Co.,* 15 id., 413.) He could not recover for medical services or attendance, unless he paid for or became liable for them. (*Moody* v. *Osgood,* 50 Barb., 629.)

*Wm. R. Woodin,* for respondent. The question to plaintiff whether, while he was sick with his broken leg, his wages was not paid by his employer was properly excluded. (22 N. Y., 355; S. & R. on Neg., [2d ed.], 690; 1 Add. on Torts [D. & B. ed.], 519.)

EARL, J. The plaintiff was injured by being thrown from his wagon, in consequence of an obstruction placed in the highway by the servants of the defendant. His recovery at the Circuit was affirmed at the General Term, and the defendant has appealed to this court.

There is but one exception which requires any attention here. The plaintiff was an engineer in the employment of the Knickerbocker Ice Company. He was injured on the first day of April, and he testified that he was unable, in consequence thereof, to return to the boat upon which he was employed until the fifteenth day of June, and to attend to his work until October thereafter. He then further testified, in answer to questions put to him by his own counsel, that his regular wages were seventy dollars per month and board. Upon his cross-examination, he was asked by defendant's counsel this question: "During the time when you

were sick with this broken leg, were not your wages paid for by this Knickerbocker Ice Company?" Plaintiff's counsel objected to this as improper, and the court sustained the objection. This ruling is now complained of as error.

We think the question was proper. The plaintiff had given evidence of the loss of his wages as an item of damage, and the evidence sought to be elicited by this question might have shown, and we may assume here would have shown that he did not suffer such loss.

This was not a case for exemplary damages. The plaintiff was entitled to recover, in addition to what a jury might award him for his suffering and physical injuries, only his pecuniary loss. (*Ransom* v. *The N. Y. and Erie R. R. Co.*, 15 N. Y., 415; *Hamilton* v. *The Third Av. R. R. Co.*, 53 id., 25.) It has been held that one sued for causing an injury to another or the death of another, cannot show a life or accident insurance in mitigation of damages. (*Yates* v. *Whyte*, 4 Bing. [N. C.], 272; *Althorf* v. *Wolfe*, 22 N. Y., 555; *Harding* v. *Townshend*, 43 Vt., 536; Shearman & Redfield on Neg. [3d ed.], § 609.) And so where one has been sued for causing the destruction of personal property insured, he cannot show the insurance in mitigation. In such cases, proof of the insurance actually paid would not tend to show that the damage claimed was not actually occasioned by the wrong-doer; but it would simply show that compensation had been received by the injured party in whole or in part from some other person — not that the wrong-doer had made satisfaction which alone could give him a defense.

Here the proof was offered, not in mitigation or satisfaction of any damage actually done the plaintiff, but to show that he did not suffer the damages claimed, to wit: the loss of wages. Before the plaintiff could recover for the loss of wages, he was bound to show that he lost the wages in consequence of the injuries, and how much they were. The defendant had the right to show that he lost no wages, or that they were not as much as claimed. He had the right

to show, if he could, that for some particular reason the plaintiff would not have earned any wages if he had not been injured, or that he was under such a contract with his employer that his wages went on without service, or that his employer paid his wages from mere benevolence. In either case, upon such showing, the plaintiff could not claim that the defendant's wrong caused him to lose his wages, and the loss of wages could form no part of his damage. So the expense of nursing may be recovered as an item of the damage, if properly incurred. But the defendant may show that no such expense was incurred, as that the plaintiff was nursed by a Sister of Charity. So the doctor's bill may, in such case, be recovered. But the plaintiff must show what he paid the doctor, and can recover only so much as he paid or was bound to pay. The defendant may show that the plaintiff was doctored at a charity hospital, or at the expense of the town or county, or gratuitously. In such case, the doctor's bill could not be an element of his damage. In *Moody* v. *Osgood* (50 Barb., 628) it was held, in an action by a married woman to recover damages for a personal injury occasioned by the negligence of the defendant, that she could not recover the physician's and nurse's bills as items of damage, because she was not liable for such bills.

There was error, therefore, in the exclusion of this evidence ; and the judgment must be reversed and new trial granted, costs to abide event.

All concur.

Judgment reversed.