## HARE vs. MARSH and another.

*October 20 — November 6, 1884.*

*(1) Justices' courts: Appeal: Amendment increasing claim: Release of surety.  (2) Assault and battery: Damages: Wealth of defendant.*

1. The surety in an undertaking on an appeal from a justice's court is not released by an amendment to the complaint, in the appellate court, increasing the damages claimed to an amount beyond the jurisdiction of the justice.
2. An instruction in an action for an assault and battery, permitting the jury in assessing *compensatory damages* to take into consideration the means and public position of the defendant, is erroneous.

APPEAL from the Circuit Court for *Brown* County.

The case is thus stated by Mr. Justice CASSODAY:

" This action was commenced in a justice's court against the defendant *Marsh* alone, for an assault and battery,

claiming as damages $200 or under. *Marsh* interposed a general denial. On the trial in that court the plaintiff recovered a judgment for $25 damages, and costs. *Marsh* appealed from that judgment to the circuit court, and, to stay execution pending such appeal, gave an undertaking, executed by himself as principal and the defendant *Dougherty* as surety, to the effect, after reciting the judgment and appeal, that 'we . . . do hereby, pursuant to the statute in such case made and provided, undertake that if the appeal shall be dismissed, or if judgment be rendered against said appellant, and execution thereon be returned unsatisfied in whole or in part, we will pay the amount so remaining unsatisfied.'

" When the cause came on for trial in the circuit court, the plaintiff moved to amend the *ad damnum* clause in his complaint so as to claim $2,000 damages instead of $200, as originally, to which the defendant objected. The court overruled the objection, and the defendant excepted. The cause being then tried, the jury, under the charge of the court, returned a verdict for the plaintiff, and assessed his damages at $349. The defendant thereupon moved for a new trial upon the minutes of the judge and upon all the pleadings, papers, and proceedings served, had, or filed therein, on several grounds, among which were, that the verdict was for excessive damages, and that the court erred in its instructions to the jury. On hearing the motion the surety appeared and objected to judgment against him on the ground that the *ad damnum* of the complaint had been increased by amendment since he signed the undertaking. The court overruled the motion, and also the objection of the surety, and granted judgment in favor of the plaintiff, and against both the principal defendant and the surety, for the whole amount of the verdict as damages, besides the costs. From that judgment the defendants appeal."

The cause was submitted for the appellants on the brief

of *Ellis, Greene & Merrill*, and for the respondent on that of *W. J. Lander*.

For the appellants it was argued, *inter alia*, that the means of the defendant can be considered only in respect to exemplary damages.    *Winn v. Peckham*, 42 Wis. 493; *Meibus v. Dodge*, 38 id. 300; *Lavery v. Crooke*, 52 id. 612, 623; *Dush v. Fitzhugh*, 2 Lea (Tenn.), 307.    The amendment of the complaint, enlarging the claim, released the surety.    *Sage v. Strong*, 40 Wis. 575; *Willis v. Crooker*, 1 Pick. 204; *Hill v. Hunnewell*, id. 192; *Danielson v. Andrews*, id. 156; *Bean v. Parker*, 17 Mass. 591; *Langley v. Adams*, 40 Me. 125; *Irwin v. Sanders*, 5 Yerg. 287; *Hubbell v. Bissell*, 2 Allen, 196.

To the point that the amendment of the complaint did not release the surety, counsel for the respondent cited: *Sherry v. State Bank*, 6 Ind. 397; Brandt on Suretyship, sec. 397; *Horner v. Lyman*, 4 Keyes, 237; *Evers v. Sager*, 28 Mich. 47.

CASSODAY, J.    There is no claim that the allowance of the amendment to the complaint increasing the claim for damages was an abuse of discretion.    The power of the circuit court to allow such amendment increasing the amount, exceeding the jurisdiction of the justice, was unquestionable and unquestioned.    *Dressler v. Davis*, 12 Wis. 58; *Richardson v. Chynoweth*, 26 Wis. 656; *Heath v. Heath*, 31 Wis. 223. Of course, the action was triable in that court the same "as actions originally brought there."    Sec. 3768, R. S.    Hence the pleadings were open to amendment in that court, the same as if the action had been originally brought there. The amendment here did not add any new cause of action, but simply authorized a larger recovery upon the same cause of action.    The simple contention is that such increase beyond the jurisdiction of the justice released the surety.

The undertaking was in the form required by sec. 3756, R. S., as amended by sec. 1, ch. 66, Laws of 1881.    Of course,

the surety was not liable, and could not be charged beyond the strict terms of his engagement. *Sengpeil v. Spang*, 47 Wis. 28. Here the engagement was not to cover any judgment that might have been rendered in the justice's court, but any judgment that might be recovered by the plaintiff in the circuit court. Such was the liability that the surety subjected himself to in signing the undertaking. Can he be released from his obligation merely because the recovery was greater than he expected it would be? It seems to us that he cannot.

The statute provides, in effect, that in every case where the appellate court shall give judgment against a party appealing, who has given an undertaking to stay execution in the court below, such judgment shall be entered against the appellant and his sureties, jointly. Sec. 3771, R. S. That is just what was done here, and for no greater amount than was provided for by the strict terms of the undertaking. It is unlike *Sage v. Strong*, 40 Wis. 575, and other cases cited, where the bond or undertaking was for a specific sum. Having, by signing the undertaking, made himself liable for any judgment the plaintiff might recover in the circuit court, the surety cannot be released by the unexpected exercise of the proper and authorized judicial powers of that court. The undertaking presupposes the exercise of such authorized judicial powers as should be called into action in the case. The contract was impliedly, if not expressly, with reference to such exercise of judicial power. The judgment was conclusive against the surety under our statute. *Masser v. Strickland*, 17 Am. Dec. 668.

We must, therefore, under the provisions of our statutes and the cases cited, hold that the surety was not released by reason of the increase of the amount claimed in the *ad damnum* clause of the complaint.

Some courts have gone so far as to hold that there is no release by reason of an increase of liability by a subsequent

legislative enactment. *Horner v. Lyman*, 4 Keyes, 237. Other courts have gone so far as to hold that a surety on a collector's bond is not released by a subsequent extension of the collector's time by the legislature. *State v. Swinney*, 60 Miss. 39. See report of the case in 29 A. L. J. 124.

After the trial judge had concluded his general charge to the jury he gave several instructions at the special request of the plaintiff's counsel. The second instruction so requested and given covered the subject of compensatory damages and the several items or questions to be considered in arriving at such damages. Then the court gave the two following instructions in the order given: "3. And in determining the amount of damages *you may take into consideration the means* of the defendant and *his public position* at the time of the assault, as postmaster and president of the village of Depere. 4. And besides the *actual* damages of the plaintiff *under the rules laid down*, you may also, if the assault was made wilfully and maliciously, and without adequate provocation, add a reasonable amount to your verdict by way of *punishment* of the defendant, and beyond the actual damages suffered by the plaintiff." The defendant excepted to each of these instructions.

By these instructions the jury were, in effect, told that in determining the amount of actual or compensatory damages they might take into consideration the means of the defendant, and his public position at the time as postmaster and president of the village. What legitimate bearing the wealth or poverty of the defendant, his office, public position, or private station had upon the damages which the plaintiff had *actually* sustained, we are unable to perceive. The plaintiff's actual damages were what they were, and could neither be increased nor diminished by any conceivable position or circumstance of the defendant. The instructions given were in direct conflict with the whole current of authority in this state. To the authorities cited by counsel

for the defendants others might be cited, but it is unnecessary. Had the court simply charged the jury that they might take into consideration the means of the defendant on the subject of punitory damages, then the case would have come within the rule frequently recognized. *Lavery v. Crooke*, 52 Wis. 612.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.