HATCH, J.
The evidence tended to establish that the work winch plaintiff was directed to do was of a dangerous character, *547 of which defendants had notice, and of which plaintiff was ignorant. This condition imposed upon defendants the duty of imparting such information and giving such instructions as would reasonably apprise plaintiff of the dangers attending the employment, and of the precautions necessary to be taken to avoid them. In this respect the court correctly ruled ,at the trial, and the case was properly submitted to the jury.' The evidence was conflicting in this regard, both as to the danger being apparent and as to the instruction which was given. It presented a question of fact for solution by the jury, and was not a question of law to be disposed of by the court.
We should affirm this judgment were it not for the fact that a prejudicial error was committed in the reception of evidence. Some time after plaintiff had received his injury, and after his discharge from the hospital, he called upon the defendants. His counsel asked:
“ Q. What happened ? (Objected to as incompetent. This was long after the accident, and had no connection with it. Objection overruled. Exception by defendants.) A. Well, I asked them if they were going to do anything for me; that I was a poor man, and had a wife. (Objected to by defendants’ counsel, further, as incompetent, immaterial and irrelevant. Objection overruled. Exception by defendants’ counsel on each ground.) The witness: They said they couldn’t do anything for me; that it was not their fault for my being blinded.”
We think that this evidence was clearly incompetent, and its effect distinctly prejudicial. It did not bear upon any issue in the case, and its nature was such as to excite sympathy on the part of the jury for a distressed condition, and arouse prejudice against defendants for an apparent disregard of an appeal to their generosity. Instead of being harmless, we think its direct tendency was the reverse, as its nature was to enhance the damages based upon a disregard of plaintiff’s cpndition. The reception of evidence of this character has been condemned by the United States supreme court (Pennsylvania Co. v. Roy, 102 U. S. 451); and we think that it ought to be by us. The first question might be held to be proper, as it might have produced an answer entirely competent. The answer which was given, however, was entirely incompetent, and counsel for defendants again objected immediately. This called the matter sharply to the court’s attention, and had the practical force of a motion to strike out the testimony. Besides, it was followed by an answer of the same character. For this error we think a new trial should be had.
The judgment should be reversed, and a new trial granted; costs to abide the event.
All concur.