Plaintiff in error was defendant below, and defendant in error' was plaintiff below. The action was for damages for personal injuries caused by being’ struck by one of plaintiff in error’s engines. Verdict was for defendant in error.
The record shows that defendant in error was a police officer; that on the night of the accident he stepped into the crossing upon which plaintiff in error’s tracks wer.e laid, to confer with the driver of a patrol wagon, who was responding to a call. While thus discharging his duty as an officer, he was struck by an engine which backed down on him. He testified there was no warning by bell, light or otherwise; that the night was dark; that he looked and heard nothing; that the gates were up and that the watchman, who, when he does not put down the gates, warns pedestrians by lantern of approaching trains, failed to do so on this occasion; that just as he was about to turn after talking to the patrol officer, he was struck and in *31 jured. It also appeared that it was unusual for a train to come in the direction in which this engine did.
On the question of the engine backing without a headlight, or without ringing the bell, the testimony wás conflicting, but there was sufficient testimony to warrant the jury in adopting the version it did, and, under such circumstances, the finding •of the jury will not be disturbed. ,
It was submitted, however, that defendant in error was guilty of contributory negligence as ' matter of law; that, notwithstanding a failure on plaintiff in error’s part to ring the bell or sound the whistle, the undisputed facts and circumstances show that, by the exercise of ordinary care, he might have avoided the injury; that the engine was going slow—about from four to six miles an hour—and that he could have seen it, had he looked.
Counsel relies on Railway Company v. Lally, 14 C. C., 333. The syllabus of that case is as follows:
“Where one suddenly steps on a railroad track without looking whether a train .or engine is coming and is run down, he can- not recover, when it appears that he, by first looking, would have-seen an approaching engine, and that although the engine was coming with tender forward and no lights thereon where those in charge of the engine were not aware that the deceased would suddenly step on the track in this manner.”
The syllabus itself shows the case is not analogous to the one under consideration. Upon reading that case the difference is manifest. In the Lally ease it appears the, deceased did not look for the approaching train and suddenly stepped on the track, and furthermore that if he had looked he might have avoided the injury. In the case at bar, defendant in error looked for a train and “he heard nothing coming at all.” He did not see the approaching engine, nor could it be fairly said (as counsel for plaintiff in error insists) that he should have seen it; for, according to the testimony, he saw no light, heard no warning, and the night was “very dark” (Record p., 33). And it does not follow, because other persons differently situated saw the engine, that defendant in error would have seen it from .the place where he stood directly in the line of its advance. We can not say that, under the circumstances, defendant in error was guilty of contributory negligence as matter of law.
W. ~W. Ramsey, for plaintiff in error.
Charles W. Baker, for defendant in error,
It is also urged, on the authority of Railway Co. v. Kistler, 66 O. S., 335, that the court erred in its general charge to the jury with reference to defining the relative rights of the parties at the crossing, and that the charge was misleading.
The plaintiff in error reserved but a general exception, and upon reading the entire charge we are of opinion that the law was correctly stated and that those special parts of the charge, exception to which is now taken, are fully explained and modified. In addition to this, the special charges requested by plaintiff in error and given by the court fully cover the law on the points complained of, so that the error, if there was error, could not have been prejudicial. The special charges as requested by plaintiff in error and given by the court, and the general charge as a whole, were even more favorable for plaintiff in error than in the Kistler case.
It was also assigned as error that the court refused to give the following special charge:
“The plaintiff, if you find for him, can not recover for loss of time as prayed' for in the petition.”
It seems the defendant in error, by returning certain sick benefits he received from the relief association, became entitled to his full wages for the .time he was disabled, and that he received , such wages. Had he retained such benefits we think he would have been entitled to recover, notwithstanding the receipt by him of sick benefits, his lost wages. For damages can not be reduced by an amount which plaintiff may have received from third parties acting independently of the defendant, though it is given to the plaintiff on account of the injury. Sedgwick on Measure of Damages, Section 67 (8th Ed.).
But in this ease, the plaintiff below made the loss of his wages an item of his damage, the action being for compensation merely and not for exemplary damages. If he received his wages for the time lost, and he testifies he did so receive them, he certainly was not entitled to again receive their equivalent at the hands of the jury. Drinkwater v. Dinsmore, 80 N. Y., 390.
There should, therefore, be a remittitur equal to the amount of the wages for the time defendant in error lost, and, upon ■this being done, the judgment will be affirmed with costs.