## MADIGAN v. TOWN OF SCHAGHTICOKE.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.)

1. DAMAGES (§ 181*)—PERSONAL INJURIES—EVIDENCE—PECUNIARY CONDITION OF DEFENDANT.

   In an action against a town for injuries from defects in a highway, evidence as to the assessed valuation of the town is inadmissible.

   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 474, 499; Dec. Dig. § 181.*]

2. DAMAGES (§ 181*)—EVIDENCE—WEALTH OF DEFENDANT.

   In actions for torts in which compensatory damages only can be recovered, evidence as to the wealth of defendant and his ability to respond in damages is inadmissible.

   [Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 474, 499; Dec. Dig. § 181.*]

3. APPEAL AND ERROR (§ 1031*)—HARMLESS ERROR—ADMISSION OF EVIDENCE—
PRESUMPTION.

In an action of tort, in which compensatory damages only can be re-
covered, the admission of evidence as to defendant's wealth and his
ability to respond in damages is presumably prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4038–
4046; Dec. Dig. § 1031.*]

4. HIGHWAYS (§ 210*)—INJURIES FROM DEFECT IN—EVIDENCE.

Though defendant town in an action against it for injuries from de-
fects in a highway introduced evidence as to the number of miles of
highways in the town, that did not render admissible plaintiff's evi-
dence as to the assessed valuation of the town on the theory that it
tended to show the importance of the highway in question, and the fre-
quency of travel thereon, and the character of its abutting property.

[Ed. Note.—For other cases, see Highways, Dec. Dig. § 210.*]

5. HIGHWAYS (§ 191*)—DEFECTS—INJURIES.

The location and character of a highway and the extent of travel
thereon are to be considered in determining whether it was in a rea-
sonable state of repair at the time of an injury thereon.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 481, 482;
Dec. Dig. § 191.*]

6. APPEAL AND ERROR (§ 1050*)—HARMLESS ERROR—ADMISSION OF EVIDENCE.

Where, in an action against a town for injuries from a defect in a
highway, plaintiff, whose injuries caused the loss of one of his legs, was
present at the trial, and the evidence as to negligence and contributory
negligence was sharply conflicting, the admission of evidence as to the
assessed valuation of the town was prejudicially erroneous, especially
where the court gave no instructions limiting the effect of such testi-
mony.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4153–
4166; Dec. Dig. § 1050.*]

Kellogg, J., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by Andrew Madigan, an infant, by guardian, against the
Town of Schaghticoke. From a judgment for plaintiff and an order
denying a new trial, defendant appeals. Reversed, and new trial
granted.

Argued before SMITH, P. J., and KELLOGG, COCHRANE,
SEWELL, and HOUGHTON, JJ.

Arthur J. Case and Charles I. Webster (John T. Norton, of coun-
sel), for appellant.

Thomas S. Fagan, for respondent.

HOUGHTON, J.  The plaintiff recovered a substantial judgment
for injuries claimed to have been received because of the negligence of
the highway commissioner in failing to repair one of the highways of
the defendant town. During the progress of the trial the plaintiff
was permitted against the objection of the defendant, stated in va-
rious forms, to prove that the assessed valuation of the defendant was
upwards of $2,000,000.

[1] We are of opinion that the admission of this evidence was such
error as requires a reversal of the judgment, irrespective of the other
questions raised or of the merits of the action. If the defendant

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

through its highway commissioner was negligent in not repairing the highway, and the plaintiff was free from contributory negligence, all he. could recover would be simply compensation for his injuries. Such compensation he would be entitled to whether the defendant was rich or poor, and whether it was amply able to respond in damages or whether payment of them would work a hardship. The natural and probable effect upon a jury of proof that the defendant town was rich and its assessed valuation large would be to lead them to assume that any verdict or a large verdict would be little felt by the individual taxpayer and could be easily paid by the town at large.

[2, 3] It is the province of a jury to inquire, not what the defendant can pay, but what the plaintiff ought to receive, and it is the rule in actions for a wrong where only compensation can be recovered that evidence of the wealth of the defendant and his ability to respond in damages is incompetent and presumably prejudicial. Myers v. Malcolm, 6 Hill, 292, 41 Am. Dec. 744; Moody v. Osgood, 50 Barb. 628; Alberti v. N. Y., L. E. & W. R. R. Co., 118 N. Y. 77, 23 N. E. 35, 6 L. R. A. 765; Hare v. Marsh, 61 Wis. 435, 21 N. W. 267, 50 Am. Rep. 141; 4 Sutherland on Damages, § 1254; 2 Greenleaf on Evidence (5th Ed.) § 269.

[4] At the time this evidence was introduced, the defendant had proved that there were some 95 miles of highways in the town, and the learned trial court admitted the evidence upon the theory that it was material as showing the importance of the highway in question, and the frequency of travel thereon, and the character of its abutting property, and the learned counsel for the respondent seeks to sustain the ruling upon those grounds and upon the authority of Rooney v. Randolph, 128 Mass. 580; Sanders v. Palmer, 154 Mass. 475, 28 N. E. 778; Weeks v. Needham, 156 Mass. 289, 31 N. E. 8; O'Brien v. Woburn, 184 Mass. 598, 69 N. E. 350. Those decisions only hold that proof of assessed valuation in view of the highway law of that state may be proved by the defendant. They do not hold that such evidence may be given by the plaintiff against the objection of the municipality, and we are not cited to nor have we been able to find any case so deciding. It must be admitted that, logically, if a municipality can properly prove its poverty as an excuse for not keeping a highway in repair, a claimant ought to be permitted to show its wealth as a reason why there was no lack of means to keep its highways in proper condition. Whether the Massachusetts rule is based upon the peculiar form of its own statute or upon general principle, we do not think it is in conformity with the decisions of our own state, or that it should be adopted by us. Our own courts have been zealous in prohibiting testimony which would show the poverty or riches of either party to a litigation in an action for tort where compensatory damages only are recoverable, and they have repeatedly reversed judgments where the poverty of the plaintiff has been proven, or that a family of children for example was dependent upon him for support. Alberti v. N. Y., L. E. & W. R. R. Co., supra; Lipp v. Otis Brothers & Co., 161 N. Y. 559, 56 N. E. 79; Mannion v. Hagan, 9 App. Div. 98, 41 N. Y. Supp. 86; Schwanzer v. Brooklyn Heights R. R. Co., 18

App. Div. 205, 45 N. Y. Supp. 889; Purcell v. Duncan Co., 107 App. Div. 501, 95 N. Y. Supp. 278.

[5] The location and character of the highway, the extent of travel thereon, are proper matters to place before a jury and for them to consider in determining the reasonable state of repair in which the highway should be maintained. It is not reasonable to say that a remote and little used highway should be kept in the same state of repair that a much used and much traveled highway should be. But the state of repair in which the various classes of highways should be kept does not depend upon the poverty or wealth of the municipality. Nor should the amount of compensation given to one injured be governed by ability or inability to pay. The assessed valuation of the defendant town did not tend to cast any light upon whether the highway upon which the plaintiff was injured was much traveled or not. The town may have had much assessable property, but the amount of its assessment would have no tendency to disclose whether the road in question ran through a swamp and was little used or whether it was one of the main thoroughfares, nor would it disclose the character of its abutting property.

[6] There was sharp controversy on the trial, not only with respect to the existence of the hole in the road by reason of which the plaintiff claimed to have been injured, but also with respect to the plaintiff's knowledge of it and his contributory negligence in bringing the injury upon himself. Although the grounds upon which the evidence was admitted were stated in the presence of the jury, they were nowhere told in the charge that they must regard the evidence of the assessed valuation of the defendant town as bearing only upon the character of the highway. Even if the error could have been cured by such an admonition, there was no attempt to give it. The injuries to the plaintiff were of a serious character, resulting in the loss of one of his legs, which necessarily excited the sympathy of the jury. The tendency of the proof of defendant's wealth was to lead the minds of the jury to overlook the real questions for them to decide, and to induce them to give the plaintiff a verdict because it could be so readily paid.

Our conclusion is that the judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event. All concur, except KELLOGG, J., who dissents.