Eighth and Ninth Avenues Railway Company and Others, Respondents, *v.* The City of New York, Appellant, Impleaded with The Board of Transportation of the City of New York and Others, Defendants, and Moranti & Raymond, Inc., and Others, Respondents.

First Department, April 13, 1928.

**Parties — parties defendant — action to restrain injury to property and to recover damages caused by construction of subways — contracts between defendants and construction contractors placed liability of damage to surface railroads on contractors — contractors should be brought in as parties defendant.**

The plaintiff street railway company and its receivers are seeking to restrain the city of New York and the board of transportation from injuring plaintiffs' tracks and structures caused by the construction of a subway. There is also a demand for damages. The contract for the construction of the subway placed the liability on the contractors to make good all damage caused to surface structures and made the contractors directly liable to those suffering damage. Therefore, the city of New York had the right to have the contractors brought in as parties defendant.

Appeal by the defendant, The City of New York, from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 30th day of December, 1927.

*Elliot S. Benedict* of counsel [*Charles V. Nellany* and *J. Joseph Lilly* with him on the brief; *George P. Nicholson*, Corporation Counsel, attorney], for the appellant.

*Bernard Sobol* of counsel [*Morgan J. O'Brien, Jr.*, with him on the brief, *O'Brien, Boardman, Fox, Memhard & Early*, attorneys], for the plaintiffs, respondents.

*John F. Collins* of counsel [*Bandler, Haas & Collins*, attorneys], for the respondent Moranti & Raymond, Inc.

*Edwart M. Grout* of counsel [*Edward M. Grout* and *Paul Grout*, attorneys], for the respondents George H. Flinn and George H. Flinn Corporation.

*Franklin Nevius* of counsel [*Kellogg & Rose*, attorneys], for the respondents Frederick L. Cranford-Charles H. Locher, Inc., A. A. Johnson Corporation, T. A. Gillespie Company, Frederick L. Cranford, Inc., and Charles H. Locher.

*James F. Donnelly* of counsel [*Merwin Lewis* with him on the brief; *Olvany, Eisner & Donnelly*, attorneys], for the respondents Rosoff Subway Construction Company, Inc., and Rosoff Engineering Company, Inc.

*Edgar A. B. Spencer* of counsel [*Spencer & Iserman,* attorneys], for the respondents William Heyman and Charles Goodman, copartners trading as Heyman & Goodman and Heyman & Goodman Co., Inc.

*Vincent L. Leibell* of counsel [*John A. Bell, Jr.,* with him on the brief; *Phillips, Leibell & Fielding,* attorneys], for the respondent J. F. Cogan Company.

McAVOY, J.   The Special Term denied defendant's motion to bring in additional defendants in this action.   Plaintiffs are the railroad company operating on Eighth and Ninth avenues, and its receivers.   The defendants are the city of New York and the board of transportation.   The suit is for an order to restrain the defendants from interfering with the track structure of the plaintiffs and the operation of plaintiffs' cars and from doing or failing to do certain acts resulting in interfering with and in damage to the plaintiffs' property.   There is also a demand to recover nearly $3,000,000 damages.

The acts complained of have been performed in the construction of the subway by the defendants through contractors who are doing the work of building such subway under Eighth avenue.   The acts complained of are as follows:

1. The dumping of materials and equipment on the railroad area.

2. The placing of derricks across the railroad tracks, blocking the same.

3. Loading and unloading trucks on the tracks and placing revolving excavators on and within dangerous proximity to the tracks.

4. Blasting under the track structure.

5. Failing to maintain tracks and structure in proper position and level.

6. Failing to make provision for sufficient space for loading and unloading passengers from cars.

7. Failing to provide adequate method of supporting tracks.

8. Excavating street on both sides of track thereby causing traffic to use trackage space.

9. Employing methods of construction which caused frequent and long delays in operation of the cars.

The answer of the city shows that these acts were done by reason of the acts of various independent contractors, with whom the city, through the board of transportation, had made separate contracts for the construction of the different sections of the route of the proposed subway railroad.

The contractors have been vouched into the action by the defendants and notices thereof have been served with copies of the summons and complaint.

The contract with the city states that the contractor will at his

own expense make good any damage that shall in the course of construction be done to any overhead buildings or structures or surfaces; that said covenant is absolute; that the contractor shall be liable to the owners of the overhead property or structures for all physical injuries to said property occasioned by such construction, and is required to maintain traffic on streets during construction. It also provides as follows:

"Article X. In order to construct the railroad it will be necessary to  *  *  *  protect, support and maintain  *  *  * all surface railroads  *  *  *  and other surface, sub-surface and overhead structures with their appurtenances  *  *  *  and further that all such work of every description, including underpinning or the maintaining, protecting and securing wherever necessary [of] all  *  *  *  surface railroads affected by or interfered with during the construction of the railroad [subway] is part of the work which is included in this contract."

The motion was to add these contractors as parties defendants. It was denied below.

We think these contractors are liable under their contracts with the city, both to it and to the plaintiffs, for such damages as they have caused to the plaintiffs by the acts described in the complaint, and they come within the clause of the contract which makes the contractors liable absolutely and their liability is not dependent upon any question of negligence.

The contract also provides that "It is agreed that in addition to indemnifying the City against all claims for damages the contractor shall also be liable to the owners of  *  *  *  overhead property, buildings or structures  *  *  *  for all physical injuries to persons or property which may be occasioned by the work of construction, even in cases where such owners, tenants, lessees, operators or occupants have no legal claim against the City for such injuries."

Under this clause it has been decided that there is imposed an unqualified obligation upon the sureties of a contractor and *a fortiori*, a contractor, to repay to the city the amount of a judgment recovered against it by the owner of a building abutting on the line of the subway, for injury to his right of lateral support by the work of construction. This seems a case of analogous type. All of these defendant contractors should be made parties to this action.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted.