BETHLEHEM PROPERTIES, INC., Plaintiff, *v.* PATRICK McGOVERN, INC., Defendant.

Supreme Court, Trial Term, New York County, September 18, 1936.

*Alger, Peck & Grafton* [*Paul Englander* and *Alfred O. Englander* of counsel], for the plaintiff.

*Bandler, Haas & Collins* [*John F. Collins* and *Harry Merwin* of counsel], for the defendant.

PECORA, J. From 1923 to May 1, 1935, the plaintiff, as assignee of a lease terminating in 1944, was in possession of certain premises fronting on the south side of Fifty-third street, between Broadway and Seventh avenue, in the borough of Manhattan, city of New York. The lease required the tenant to erect a building on the premises of not less than three stories in height, but with foundation walls capable of supporting a building of at least twelve stories, and to maintain it in good condition and repair. A four-story and penthouse business building was duly constructed by the lessee in accordance with the terms of the lease. It was completed in November, 1924, and its portions were rented to various subtenants. The landlord, on the other hand, was obligated by the lease, at the

end of the term, to pay the cost of construction, less depreciation, to the tenant, provided the tenant had performed all the covenants of the lease.

In 1927 and 1928 the defendant, a subway contractor, was engaged in constructing a subway in the bed of Fifty-third street in front of the plaintiff's premises, pursuant to a contract with the city of New York. This contract provided that the defendant would hold the city harmless from any and all claims that might be made against the city of New York for damages occasioned to abutting landowners as a result of the excavations; it further provided that " The contractor will, at his own expense, make good any damage that shall in the course of construction be done to any * * * foundations, walls, or other parts of adjacent, abutting or overhead buildings. The liability of the contractor under this covenant is absolute and is not dependent upon any question of negligence. The contractor shall be liable * * * to any tenants, lessees, operators or occupants of such buildings * * * for all physical injuries to property which may be occasioned by the work of construction." This contract establishes the liability of the defendant even though its construction work be free from negligence. (*Eighth & Ninth Avenues R. Co.* v. *City of New York*, 223 App. Div. 316.)

At the trial the plaintiff produced evidence that certain physical injuries to its building were occasioned by the subway construction work done by the defendant in the street adjacent to the building. While the defendant denied the extent of these injuries, it virtually conceded that, such as they were, they might have been caused by its blasting operations incidental to its work of subway construction.

It is important to note that, although plaintiff claims to have discovered the more serious items of damage — which were to the foundation walls and piers of the building — as early as January, 1929, it did practically nothing to repair same. Its subtenants continued their respective occupancies and paid the reserved rentals without any diminution. Then, on April 15, 1935, and during the pendency of this action, which was commenced in 1930, the plaintiff was dispossessed; and on May 1, 1935, it and its lessor entered into an agreement whereby the lease was canceled and the lessor, for a consideration, released plaintiff from its obligation to repair. No assignment of the cause of action asserted herein was made to the lessor. Thus, a situation was created wherein plaintiff, through this action, seeks a recovery in its own right for the injuries caused to the building by the defendant's subway construction work, despite the acknowledged facts that plaintiff did not repair the building, and that upon the cancellation of the lease by the agree-

ment of May 1, 1935, it was released by its lessor from the obligation to make such repairs.

This rather uncommon situation gives rise to the contention by defendant that, inasmuch as plaintiff did not and is no longer required to repair the damage to the building, it is not entitled to recover anything from the defendant.

In support of its contention, the defendant relies upon the decision of the Court of Appeals in *Drinkwater* v. *Dinsmore* (80 N. Y. 390). In that case the plaintiff sued to recover damages for personal injuries caused by the defendant's negligence. Among the items of his damage were included the amount of his wages during the period of his disability. At the trial he was asked by counsel for the defendant whether or not his wages had been paid by his employer during that period. The question was objected to and the court sustained the objection. It was held that this was error, and that defendant was entitled to show that plaintiff's wages might have been paid by his employer under a contract which obligated the employer to continue the wages during the period of the plaintiff's disability, and that in such event the loss of wages would not be a proper item of damages. That case established the principle, in this State at least, that in actions to recover damages for negligence causing personal injury, there can be no recovery for loss of wages unless such loss were actually sustained.

It should be observed, however, that this principle is in conflict with the rule followed in most other jurisdictions. (*Nashville, etc., R. Co.* v. *Miller*, 67 L. R. A. 87, footnote.) It is also an exception to the doctrine of *res inter alios acta*, and to the recognition given to such doctrine by authoritative text-book writers on the Law of Damages. (Sutherland Damages [4th ed.], § 158; Clark's New York Law of Damages, § 101.)

The rule in the *Drinkwater Case* (*supra*) has never been extended, even in this State, although defendant argues that it was not only followed but extended by the Court of Appeals in *Clark* v. *Eighth Avenue R. R.* (238 N. Y. 246). In that case it was held that the prospective expenses for the support and maintenance of an infant injured as a result of the defendant's negligence should be recovered by the infant and not by its father and that where the infant had already reimbursed the father for expenses actually incurred, the father could not recover them from the defendant. The *Drinkwater Case* (*supra*), which was cited in the prevailing opinion, had no relation to the question before the court, and its citation was expressly disapproved by three of the judges, viz., CARDOZO, CRANE and LEHMAN.

The *Drinkwater* and *Clark* cases have never been held in any way to overrule the frequently reiterated general principle in this and other jurisdictions that where a third party, independently of the defendant, either through benevolence or because of an obligation under a contract of insurance, makes a plaintiff whole, the plaintiff is nevertheless entitled to recover the damages caused by the act of the defendant. (*Briggs* v. *New York Central*, 72 N. Y. 26, 32; *Carpenter* v. *Eastern Transportation Co.*, 71 id. 574.)

Of close application to this case is the rule adopted by the Court of Appeals in *Appleton* v. *Marks* (191 N. Y. 81). There a landlord was permitted to recover damages from his tenant for breach of the covenant to repair, although the repairs had been made by a subsequent tenant without any expense to the landlord. The mere fact that the landlord had not been subjected to any loss because of the act of the second tenant was held not to defeat his right to recover from his original tenant. So in this case the right of the plaintiff to recover cannot be defeated by the release which it obtained from its landlord. That release cannot inure to the benefit of the defendant because it was not so intended.

In an action of this nature the plaintiff is entitled to recover the reasonable cost of the repairs made necessary by the acts of the defendant or the diminution in the value of the property occasioned thereby, whichever is less. (*Hartshorn* v. *Chaddock*, 135 N. Y. 116.) In their brief the learned counsel for the defendant point out that there was no diminution in the rental income from the property as a result of the injuries to the building. It is perfectly possible that the temporary rental value or income of real property will not be affected by injuries to a building which reduce its life and, therefore, seriously affect its market value. No evidence was produced before me to show the diminution in the market value of the property occasioned by the injuries to the building. The only evidence adduced at the trial concerned the cost of restoring or repairing the building. It was of course competent for the defendant to show that the diminution in value was less than its cost. Having failed to do so, the court must award damages on the basis proved at the trial. In *Hartshorn* v. *Chaddock* (*supra*) the court said (at p. 123): " When, as in this case, damages are to be assessed upon one of two methods, according to the circumstances, and the plaintiff's proof is by one of these methods only, and the defendant fails to supply the other mode of proof, which may be more favorable to him, or to raise any question as to the failure of the plaintiff to supply it at the trial, an appellate court ought not to reverse the judgment, especially in a case like this where there is nothing

to show, and no claim even made that the other theory of damages would be more favorable to the defendant."

Hence, it becomes the duty of the court, as the trier of the facts, to assess the damages proved at the trial on the basis of the cost of repairing the injuries caused to the building by the excavation, drilling, blasting, etc., of the defendant. The determination of the court as to the nature and extent of these injuries is based not only upon a consideration of the evidence presented at the trial, but also upon the knowledge gained by the court from a detailed inspection of the building made with the consent and in the company of counsel for both parties. I find that the injuries caused by defendant to plaintiff's building could reasonably be repaired at a cost of $8,500, and I, therefore, direct judgment in favor of the plaintiff and against the defendant for that amount, with costs.