ALEXANDER BERSHAD, Respondent, v. NEIMAND BROS., INC., Amended to Read " NIEMAND," Defendant, and SAMUEL GILINSKY, Appellant.— In an action to recover damages for personal injuries suffered by the plaintiff through falling down an unlighted elevator shaft, he has recovered a judgment against defendant Samuel Gilinsky, from which said defendant appeals. Judgment affirmed, with costs. The question of the negligence of the appellant and the contributory negligence of the plaintiff was properly submitted to the jury, and its findings should not be disturbed. Carswell, Johnston, Taylor and Close, JJ., concur; Lazansky, P. J., dissents and votes to reverse the judgment and to dismiss the complaint on the ground that plaintiff was guilty of contributory negligence as a matter of law.

MORTON BLAIVAS, by His Guardian ad Litem, ISIDORE BLAIVAS, and ISIDORE BLAIVAS, Individually, Respondents, v. AMALGAMATED BANK OF NEW YORK, Appellant.— The infant plaintiff was injured when his nose came in contact with the glass top of a counter in the defendant's banking house. The top is alleged to have had a broken jagged edge. On the verdict of a jury the infant recovered a judgment for the injuries suffered and the father in the companion action recovered for medical expenses and loss of services. Judgment reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. There was no notice, either actual or constructive, of a dangerous condition, described in the complaint as a glass counter with " a jagged edge." Defendant's motion for the direction of a verdict should have been granted. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, upon the Complaint of MARGARET MADONNA, Respondent, v. EMANUEL SEQUINO, Appellant.— Appeal by defendant from an order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings]. Order unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ.

ETHEL DOLAN, Respondent, v. HOTEL CAMPBELL, INC., Appellant.— Action for damages for personal injuries sustained as a consequence of plaintiff falling on a tile floor in the lobby of the defendant's hotel on a rainy day. Judgment of the County Court of Dutchess County in favor of the plaintiff reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. While there was proof that the place where plaintiff fell was wet, there was no proof of an accumulation of water or slush creating a dangerous condition, or any proof of knowledge, actual or constructive, on the part of the defendant of the existence of any such dangerous condition. (Miller v. Gimbel Bros., Inc., 262 N. Y. 107; Antenen v. New York Tel. Co., 271 id. 558.) In view of the foregoing decision, the appeal from the order denying defendant's motion to set aside the verdict and for a new trial is dismissed, without costs. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.