■ JOSEPHINE VAGLIO, Respondent, v. OUR LADY OF MOUNT CARMEL ROMAN CATHOLIC CHURCH, Appellant.— In a negligence action to recover damages for personal injury, the defendant appeals from a judgment of the Supreme Court, Richmond County, entered May 27, 1963 after trial upon a jury's verdict in favor of the plaintiff. Judgment reversed on the law and the facts, without costs, and complaint dismissed on the law, without costs. In our opinion, there was no evidence to support a finding of actionable negligence against the defendant (cf. *Spaulding* v. *Christakos,* 269 App. Div. 909, affd. 295 N. Y. 973; *Miller* v. *Gimbel Bros.,* 262 N. Y. 107; *Boccaccino* v. *Our Lady of Pity Roman Catholic Church,* 18 A D 2d 1055; *Dolan* v. *Hotel Campbell,* 260 App. Div. 872; *Friedfeld* v. *Chemical Corn Exch. Bank,* 22 A D 2d 809). Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

■ CARRIE WOMBLE, Respondent, v. STANLEY MICHELSON, Appellant.— In an action to recover damages for personal injury allegedly sustained by the plaintiff when she was struck by the defendant's automobile while she was crossing the street at a traffic-light controlled intersection, the defendant appeals from a judgment of the Supreme Court, Queens County, entered March 25, 1964 after trial, upon the verdict of a jury in favor of the plaintiff for $4,900. Judgment reversed on the law and the facts, and a new trial granted, with costs to abide the event. In our opinion, it was error depriving the defendant of a fair trial, for the Trial Judge: (1) to permit and to participate in cross-examination of the defendant with respect to a visit by policemen to defendant's place of business a week after the accident, and to permit comments thereon by plaintiff's counsel on summation; (2) to deny defendant's written requests to charge numbered 8, 9, 11 and 15; (3) to submit to the jury the issue as to the plaintiff's recovery of alleged hospital expenses, there being a failure of proof as to the payment of such expenses and the amounts thereof (*Drinkwater* v. *Dinsmore,* 80 N. Y. 390, 393; *Coyne* v. *Campbell,* 11 N Y 2d 372, 374); and (4) to foreclose cross-examination by the defendant as to whether the plaintiff in fact lost the wages she claimed to have lost as a result of the accident (*Drinkwater* v. *Dinsmore, supra; Meisner* v. *Healey,* 18 A D 2d 368), there being no proof whether the wages were gratuitously paid by the plaintiff's employer or whether the wages were some kind of sick pay extended to plaintiff as a " fringe" benefit or as some part of a pension plan (cf. *Meisner* v. *Healey, supra*). We have examined defendant's other contentions and find them to be without merit. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.