IDA BUSCEMI and FERDINANDO AMMIRATI, Appellants, v. CHEFFORD AUTOMOTIVE PARTS, INC., and Others, Defendants, and CAVAU, INC., Respondent.— In an action for damages resulting from injuries sustained by the opening of a door outwards and upon a hallway, which struck plaintiff Ida Buscemi, so much of the judgment as dismisses the complaint on the merits as to defendant Cavau, Inc., and awards that defendant judgment for costs, reversed on the law and new trial granted, costs to abide the event. Although the plaintiff did not establish that respondent was the possessor of the building, we may assume that such proof will be adduced upon a new trial, as the complaint was dismissed solely on the ground that the condition complained of was not hazardous as a matter of law. From the proof, the following might have been found as the facts: The hallway in question was the sole means of access. Doors on each side of it, of heavy metal construction and almost opposite each other, opened outwardly thereon. When these doors were open, the width of the hallway which remained was less than that required by the Code of Ordinances of the City of New York (Chap. 5, art. 8, §§ 157, 158). The fact that these doors were nearly opposite each other precluded a person from avoiding the danger of being struck by the opening of one or both of them while walking along the hallway from the Atlantic avenue side. In the event that both doors were opened simultaneously, there was no escape. In the light of such proof, a question was presented for the jury as to whether or not there was created a dangerous condition which could have been avoided by the lessor in the exercise of reasonable care. (Restatement of the Law of Torts [Negligence], §§ 360, 361; Ford v. Wanamaker, 165 App. Div. 284; 172 id. 908; affd., 224 N. Y. 655.) Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.