DOROTHY PHILLIPS et al., Respondents, v. 630 McKINLEY SQUARE CORPORATION, Appellant-Respondent, and CITY OF NEW YORK, Appellant.

First Department, November 23, 1954.

*Alexander E. Rosenthal* of counsel (*William Scheiner* with him on the brief; *Irving Segal,* attorney), for appellant-respondent.

*Alfred Weinstein* of counsel (*Seymour B. Quel* and *Fred Iscol* with him on the brief; *Adrian P. Burke, Corporation Counsel,* attorney), for appellant.

*William J. Rooney* for respondents.

*Per Curiam.* Recovery here is claimed to be justified by the fact that the sidewalk had been painted and was slippery when wet by rain. The paint had been applied long before the accident and was thoroughly dry and somewhat worn. No proof was adduced to establish that the paint was in anywise defective or contained improper materials or had been improperly applied. To hold abutting owners and the city liable in such state of facts would be to impose an intolerable burden.

If this judgment is affirmed, the mere painting of the curb of sidewalks, to mark the stoppage places of buses could, on wet days, give occasion to numerous causes of action on which recovery could be had against the city and against the bus companies. All that plaintiff established basically was that the painted sidewalk was slippery when wet by rain, and that was due to the rain that was falling at the time, for which defendants were not responsible.

On the state of facts disclosed, we think plaintiff failed to establish actionable negligence against defendant, the abutting owner or against the city.

As plaintiff failed to establish actionable negligence against the abutting owner, it is unnecessary to pass upon the issue involving indemnity against the abutting owner in favor of the city.

The judgment entered on the verdict of the trial court sitting without a jury should be reversed, with one bill of costs to defendants-appellants and the complaint dismissed, with costs.

PECK, P. J. (dissenting in part). I think there was sufficient evidence of a particularly slippery condition, under certain circumstances, of the particular stretch of sidewalk involved in this case and sufficient evidence of notice of that condition to

the abutting owner who created it to raise an issue of the responsibility of the abutting owner.

I agree with the majority of the court, however, that the sidewalk was not so apparently dangerous as to charge the city with negligence in allowing the abutting owner to maintain it in a painted condition and there was no specific notice to the city, such as existed in the case of the abutting owner, of a dangerous condition at any time.

I would therefore modify the judgment appealed from to dismiss the complaint as against the city and otherwise affirm.

DORE, COHN, CALLAHAN and BOTEIN, JJ., concur in *Per Curiam* opinion; PECK, P. J., dissents in part in opinion.

Judgment reversed, with one bill of costs to the defendants-appellants and judgment is directed to be entered in favor of the defendants-appellants dismissing the complaint herein, with costs.

Settle order on notice.