■ CARL BACON et al., Respondents, v. ALTAMONT FARMS, INC., Appellant.— COOKE, J. Appeal from a judgment of the Supreme Court, entered March 7, 1969 in Albany County, upon a verdict rendered at a Trial Term in favor of plaintiffs. Carl Bacon, an employee of defendant, the operator of an apple orchard, lived with his wife in a house on employer's property. A plank walk-

way, consisting of two one inch by six inch planks laid "kind of" level side by side and end to end, extended about 30 feet to a privy. On May 5, 1965 between 7:00 and 7:30 in the morning, the wife, proceeding on the walkway toward the outhouse with a night chamber, slipped and fell, sustaining an ankle fracture. When asked if she noticed what she slipped and fell on, she replied, "Yes. There was dew on the boards"; and further: "Frost, I think it was, dew. This was frost that had frozen"; "all I know it was wet and slippery;" "I don't know whether it was wet or not until I had fallen" and that the terrain on either side of the boardwalk "was muddy". There was no proof of any defect in the boards or the walk, or even of any unevenness, ridges, holes, nails or other obstructions on the walk, and, indeed, plaintiffs' attorney told the jury that "there was no defect in the plank walk" and Mrs. Bacon testified to the effect that she did not see anything wrong with the board on which she fell, that it was just wet and slippery. It appears that the boards were so placed in November, 1963, the first by defendant's foreman, that the foreman told Mr. Bacon to go to another area where the latter selected boards and returned and put the remainder in place. Mrs. Bacon lived on the premises from a time in 1964 until about Christmas of that year and from March of 1965 until the accident, the walk being used constantly by her while at the premises, as it extended from the only door of the house to the road and privy, at different times of day and in all different types of weather, with no previous slip or fall on the walk. The lessor of premises is not liable for injuries to the lessee, or others thereon in the right of the lessee, resulting from a structural defect existing when the lessee took possession (*Campbell* v. *Holding Co.*, 251 N. Y. 446, 448; *Williams* v. *Saratoga County Agric. Soc.*, 277 App. Div. 742, 744; Restatement, 2d, Torts § 356), one of the exceptions to said rule being in the case of a lessor who leases a part of his premises, retaining control over another part which the lessee is entitled to use, and who would be subject to liability to the lessee, or others thereon in the right of the lessee, for injuries caused by a dangerous condition upon that part of premises retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe (*Murtha* v. *Ridley*, 232 N. Y. 488, 493; *Buscemi* v. *Chefford Automotive Parts*, 255 App. Div. 1014; Restatement, 2d, Torts, § 360). Assuming that Mrs. Bacon's fall occurred on a portion of the property over which defendant retained control, the mere fact that the walk was wet was not sufficient to establish a dangerous condition (*Miller* v. *Gimbel Bros.*, 262 N. Y. 107; *Feigenbaum* v. *City of New York*, 271 App. Div. 787; *Dolan* v. *Hotel Campbell*, 260 App. Div. 872) and something more than a slippery walk was required to be shown to enable plaintiffs to recover (*Antenen* v. *New York Tel. Co.*, 271 N. Y. 558; *Miller* v. *Easley*, 9 A D 2d 978; *Phillips* v. *630 McKinley Sq. Corp.*, 285 App. Div. 18; *Osborne* v. *Village of North Tarrytown*, 180 App. Div. 224). Respondents failed to establish that appellant did not exercise reasonable care in the maintenance of the premises (see *Kelly* v. *State of New York*, 29 A D 2d 904; *Boccaccino* v. *Our Lady of Pity R. C. Church*, 18 A D 2d 1055; *Spaulding* v. *Christakos*, 269 App. Div. 909, affd. 295 N. Y. 973; cf. *Gambino* v. *State of New York*, 28 A D 2d 629, 630; *Knowles* v. *State of New York*, 20 A D 2d 738). Judgment reversed, on the law and the facts, and complaint dismissed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Cooke, J.