## (March 23, 1972)

■ NORMA MARKS et al., Respondents, v. ANDROS BROADWAY, INC., Defendant, and DOWNTOWNER CAFETERIA, INC., Appellant.— Judgment, Supreme Court, New York County entered May 28, 1971, so far as appealed from, reversed, on the law, without costs and without disbursements, and the complaint dismissed as to the Downtowner, Inc., sued herein as the Downtowner Cafeteria, Inc. Plaintiff testified that on the morning of the accident it was raining, that she entered the building where the cafeteria was located, walked about 12 feet through a lobby into the cafeteria, observed the floor was wet, took a few steps and felt "myself sliding to the floor." There was no testimony or evidence of disrepair or faulty construction, that water or moisture would cause this type of floor to become dangerous (*Pignatelli* v. *Gimbel Bros.*, 285 App. Div. 625), nor was there proof of actual or constructive notice as to how long the condition complained of existed (*Miller* v. *Gimbel Bros.*, 262 N. Y. 107). The obligation of a restaurant owner is to see to it that the floor is maintained in a reasonably safe condition. There is no evidence that there was here a breach of the duty imposed so as to render appellant liable in damages (*Boccaccino* v. *Our Lady of Pity R. C. Church*, 18 A D 2d 1055). Concur — Stevens, P. J., McGivern, Nunez, Murphy and Capozzoli, JJ.