■ GIOVANNA PATAFIO et al., Respondents, v PORTA-CLEAN OF AMERICA, LTD., et al., Defendants, and BURTON F. HOFFMAN et al., Doing Business as FERRIS AVENUE ASSOCIATES, Defendants and Third-Party Plaintiffs-Appellants; PRIMIANO REALTY CORP., INC., et al., Third-Party Defendants; J. B. PRIMIANO & SONS, INC., Third-Party Defendant Respondent-Appellant.—In a negligence action to recover damages for personal injuries, medical expenses and loss of services, (1) defendants third-party plaintiffs, who are partners, doing business as Ferris Avenue Associates, appeal from a judgment of the Supreme Court, Westchester County, entered May 9, 1974, (a) in favor of plaintiffs against defendants third-party plaintiffs, upon jury verdicts of $140,000 for plaintiff Giovanna Patafio and $35,000 for plaintiff Philip Patafio, and (b) in favor of third-party defendant J. B. Primiano & Sons, Inc., upon the trial court's dismissal of the third-party complaint; and (2) said third-party defendant cross-appeals from so much of the same judgment as is in favor of plaintiffs against defendants third-party defendants. The cross appeal is deemed withdrawn, without costs. The brief of the cross appellant

states that the cross appellant does not press its appeal. Judgment modified, on the law, (1) by striking therefrom the first two decretal paragraphs, which are in favor of plaintiffs against defendants third-party plaintiffs, and substituting therefor a provision that the complaint as against defendants third-party plaintiffs is dismissed and (2) by striking from the third decretal paragraph thereof the following: "and that plaintiffs have execution thereof". As so modified, judgment affirmed, with costs to defendants third-party plaintiffs against plaintiffs. Plaintiff Giovanna Patafio was injured when she fell while walking down a driveway to get to stairs to gain access to her place of employment, the factory of Paulbern Clothes. Paulbern occupied the basement of the building pursuant to a sublease executed prior to January, 1969, when appellant Ferris Avenue Associates took title to the premises. The building was constructed prior to 1962 and the accident occurred in March, 1970. During that interval, there had been no changes made to the driveway. At the time of the accident the driveway was covered with snow and ice, and some snow and freezing rain was still falling. The trial court charged the jury that the driveway was, in effect, a ramp and that Ferris's liability could be based upon either of two grounds: (1) that the slope of the ramp was steep and constituted an unreasonable and unsafe condition, particularly when wet, slippery or icy; or (2) that the degree of the slope was in violation of section 270 of the Labor Law and section 708 of the 1949 Building Code of the City of White Plains, and if such violation of either of these sections was a proximate cause of the accident. No claim is made that the driveway was otherwise defective, improperly maintained or in a state of disrepair. The testimony established that the slope of the last 13 feet of the 20-foot driveway ranged from 17 ½ to 25 percent. While this exceeds the slope permitted by either the Building Code or the Labor Law, we hold that the driveway was not a ramp within the meaning of the aforementioned sections. The sections generally deal with ramps used as exits or in lieu of exit stairways. The driveway here was used by employees to get to the stairs which lead into the factory. It was not used as an exit and was not made into a ramp within these sections by reason of its use. Furthermore, under these facts, Ferris cannot be liable under a theory of common-law negligence. The condition was open and existed when Paulbern occupied the premises, which occupancy, as above noted, preceded the time title vested in Ferris. Absent a defect for which Ferris was directly responsible, Ferris breached no duty owed to plaintiffs (see *Bacon v Altamont Farms,* 33 AD2d 708, affd 27 NY2d 936; cf. *Clemence v City of Auburn,* 66 NY 334; *Berkson v Village of Richfield Springs,* 300 NY 720, revg. 276 App Div 111). Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.