■ HOPE DILLON, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant.—Order, Supreme Court, Bronx County (Lewis R. Friedman, J.), entered January 2, 1991, which denied defendant's motion for summary judgment based upon the ground that the notice of claim was defective, unanimously affirmed, without costs or disbursements.

Plaintiff's timely notice of claim stated that she was injured while disembarking from defendant's number 9 bus in Bronx County "in the vicinity of Eastchester Road directly opposite The Albert Einstein Medical Center." Defendant asserts that its investigation was hampered by a description of the accident site too vague to be of use in locating any defect in the roadway, and also by the fact that the number 9 bus does not run along Eastchester Road. However, at the statutory [General Municipal Law §] 50-h hearing some four months after the accident, the correct bus route was identified, the confusion explained by a recent change in route designations, and the site of the accident further identified. Thus, it being clear that the inadvertent lack of specificity was not calculated to mislead or confuse, and that the notice was clarified in a manner that avoided prejudice to defendant, it was not an abuse of discretion for the IAS court to deem the notice

sufficient *(Miles v City of New York,* 173 AD2d 298). Concur—Murphy, P. J., Carro, Ellerin, Asch and Smith, JJ.