■ SHERRYL WESSELS et al., Respondents, v SERVICE MERCHANDISE, INC., Appellant.—Mercure, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered August 6, 1991 in Chenango County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Sherryl Wessels (hereinafter plaintiff) was injured when she fell on the sidewalk in front of defendant's store. She testified that she ran across the parking lot because it was raining, proceeded onto the sidewalk and continued to run to an area of the sidewalk covered by a canopy, where her feet went out from under her. It is undisputed that the entire sidewalk, including the portion under the canopy, was wet from rain. In her complaint, plaintiff alleges that the surface of the sidewalk under the canopy "became extremely slippery when wet and was significantly more slippery than the surrounding terrain". Following joinder of issue, service of a bill of particulars and depositions of the parties, defendant moved for summary judgment dismissing the complaint. Supreme Court denied defendant's motion. Defendant appeals.

Defendant's proof in support of its motion establishes that it had received no prior complaints that the area was slippery and, although it is corporate policy to record accidents, there is no record of previous accidents in this area. Anthony Boura, defendant's store manager, testified that he regularly inspected the condition of the sidewalk and averred that he did not find it to be slippery at the time of the accident.

"In order to impose liability upon defendant, there must be evidence tending to show the existence of a dangerous or defective condition and that defendant either created the condition or had actual or constructive knowledge of it" *(Lowrey v Cumberland Farms,* 162 AD2d 777, 778 [citations omitted]; *see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Lewis v Metropolitan Transp. Auth.,* 64 NY2d 670, *affg* 99 AD2d 246). Additionally, the mere fact that the sidewalk was wet was not sufficient to establish a dangerous condition *(see, Bacon v Altamont Farms,* 33 AD2d 708, *affd* 27 NY2d 936; *see also, Miller v Gimbel Bros.,* 262 NY 107; *Marks v Andros Broadway,* 38 AD2d 926, *affd* 32 NY2d 727; *Feigenbaum v City of New York,* 271 App Div 787), and something more than a slippery sidewalk was required to be shown to enable plaintiff to recover *(see, Bacon v Altamont Farms,*

*supra; see also, Miller v Easley,* 9 AD2d 978; *Phillips v 630 McKinley Sq. Corp.,* 285 App Div 18; *Osborne v Village of N. Tarrytown,* 180 App Div 224).

In our view, defendant made a prima facie showing of entitlement to judgment as a matter of law, thereby shifting the burden to plaintiffs to come forward with evidentiary proof sufficient to raise triable issues of fact *(see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Fischer v Battery Bldg. Maintenance Co.,* 135 AD2d 378, 380). Contrary to Supreme Court's determination, plaintiffs failed to satisfy that burden. The affidavit of plaintiffs' expert, a civil and environmental engineer, contains only the bare conclusory statement that the surface of the sidewalk under the canopy is "more slippery than the coarse area of the sidewalk uncovered by the canopy", speculates that a concrete sealer may have been applied at one time and recommends that a friction test be done to assist in making this determination. The opinion of plaintiffs' expert is purely speculative and, importantly, does not state that any deviation from accepted engineering practice occurred *(see, Kelly v St. Peter's Hospice,* 160 AD2d 1123, 1125; *Fallon v Hannay & Son,* 153 AD2d 95, 101-102). In the absence of a prima facie showing that a dangerous or defective condition existed, plaintiffs failed to create an issue of fact precluding summary judgment.

Levine, J. P., Mahoney, Casey and Harvey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.