■ MELINDA M. RADAELLI et al., Respondents, v CITY OF TROY et al., Defendants, and NIAGARA MOHAWK POWER CORPORATION, Appellant. [645 NYS2d 940] —Crew III, J. Appeal from an order of the Supreme Court (Keegan, J.), entered May 19, 1995

in Rensselaer County, which, *inter alia*, denied a motion by defendant Niagara Mohawk Power Corporation for summary judgment dismissing the complaint against it.

Plaintiff Melinda M. Radaelli was injured on October 19, 1992 when she slipped and fell on a metal grate installed by defendant Niagara Mohawk Power Corporation (hereinafter defendant) in a public sidewalk located in the City of Troy, Rensselaer County. Radaelli and her spouse, derivatively, thereafter commenced this action against, among others, defendant, alleging that defendant created a dangerous and hazardous condition in its design, construction and maintenance of the subject grate. Following joinder of issue and discovery, defendant moved for summary judgment and plaintiffs crossmoved for a continuance pursuant to CPLR 3212 (f) to allow for further discovery. As plaintiffs' papers submitted in opposition to defendant's motion for summary judgment were served three days prior to the return date instead of seven days according to defendant's demand (*see*, CPLR 2214 [b]), defendant requested that plaintiffs' responsive papers not be considered by Supreme Court pursuant to CPLR 2214 (c). Insofar as is relevant to this appeal, Supreme Court excused plaintiffs' tardiness and denied defendant's motion for summary judgment, finding that the conflicting expert affidavits were sufficient to raise a question of fact as to defendant's alleged negligence. This appeal by defendant followed.

We affirm. As the record reveals that good cause was shown for plaintiffs' brief delay in serving their responsive papers (*see*, CPLR 2214 [c]; *compare*, *Thermo Spas v Red Ball Spas & Baths*, 199 AD2d 605, 606), we cannot say that Supreme Court abused its discretion in considering such materials in opposition to defendant's motion for summary judgment. Turning to the merits, we are of the view that Supreme Court properly concluded that the respective expert affidavits raised questions of fact that cannot be resolved on a motion for summary judgment. Contrary to defendant's assertion, the affidavit submitted by plaintiffs' expert, Lawrence Levine, goes beyond merely stating in a conclusory fashion that the grate in question was more slippery when wet than the surrounding sidewalk and offers more than pure speculation as to the cause of that condition (*compare*, *Wessels v Service Mdse.*, 187 AD2d 837, 838). In this regard, Levine opined that grates such as the one at issue here should be "constructed of metal with a rough, textured surface which must be of sufficient opening size, dimension and pattern to promote quick drainage and adequate traction". Levine further stated that upon inspecting the grate in question,

he discovered that it was "constructed of non-textured metal [and was] very smooth", as opposed to being "grooved or bumpy", resulting in a low coefficient of friction and rendering it unsuitable for use on a sidewalk.

Moreover, while it is true that "something more than a slippery sidewalk [must] be shown to enable plaintiff to recover" (*Wessels v Service Mdse.*, *supra*, at 837), plaintiffs contend here, as evidenced by both Levine's affidavit and their verified bill of particulars, that the grate was designed in such a fashion and constructed with such materials as to fail to provide the necessary traction when wet (*compare, Marks v Andros Broadway*, 38 AD2d 926, *affd* 32 NY2d 727 [no evidence of disrepair or faulty construction or that water or moisture would cause floor to become dangerous]; *Phillips v 630 McKinley Sq. Corp.*, 285 App Div 18 [no evidence that paint on sidewalk was defective, contained improper materials or had been improperly applied]). Accordingly, Supreme Court properly denied defendant's motion for summary judgment.

Defendant's remaining contentions have been examined and found to be lacking in merit.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.