■ CLIFFORD BENNETT et al., Respondents, v TOWN OF BROOKHAVEN, Appellant. [650 NYS2d 752] —In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 7, 1995, as, upon searching the record on its cross motion for summary judgment, denied summary judgment to it and thereupon granted partial summary judgment to the plaintiff dismissing its fourth affirmative defense based upon General Obligations Law § 9-103.

Ordered that the order is modified, on the law, by deleting the second decretal paragraph thereof and substituting therefor a provision granting the defendant's cross motion for summary judgment dismissing the complaint; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Clifford Bennett was injured when he fell out of a boat, as his companion's jeep was pulling the boat, which was on a trailer, out of the water at the Laura Lee launching ramp in Center Moriches.

The launching ramp in question was at the end of Laura Lee Drive in an area of the defendant Town of Brookhaven depicted on a town map as "Park Center Moriches". According to the deposition testimony of an employee of the defendant, the ramp adjoins an area of the park where playground equipment and barbecue pits are located. Employees of the Town of Brookhaven Parks Department maintained the area of the ramp until the Town of Brookhaven Highways Department took over, because the boating ramp is the terminus of a public street. It is clear from the record that General Obligations Law § 9-103 does not apply here, because that statute provided no inducement to the defendant to open to the public what it already considered part of a public park and a public highway (*see, Bragg v Genesee County Agric. Socy.,* 84 NY2d 544, 549-550; *Ferres v City of New Rochelle,* 68 NY2d 446, 452).

However, we find that that branch of the defendant's cross motion which was for summary judgment based upon its affirmative defense of assumption of the risk should have been granted.

At the time of the accident, the plaintiff Clifford Bennett was standing on a boat, which was on a trailer, which was be-

ing pulled over the ramp out of the water. It was obvious that the ramp had no bulkheading, and the risk that the boat would rock was a risk normally associated with boating (*see, Turcotte v Fell,* 68 NY2d 432; *Maddox v City of New York,* 66 NY2d 270; *Henig v Hofstra Univ.,* 160 AD2d 761). Nevertheless, the plaintiff Clifford Bennett chose to remain in the boat and remain standing. We conclude that, in so doing, the plaintiff Clifford Bennett assumed the risk. Further, it is apparent that his own negligence was the proximate cause of the accident (*see, Robles v Ascan Welding Serv.,* 200 AD2d 564). Rosenblatt, J. P., Pizzuto, Friedmann and Goldstein JJ., concur.