■ DELLA PATRICK, Appellant, v CHO's FRUIT & VEGETABLES et al., Respondents. [671 NYS2d 274] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Colabella, J.), dated March 13, 1997, which granted the defendants' motion pursuant to CPLR 3212 for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff claims that the defendants were negligent in allowing water which they used to wash produce in their store to run off and create a wet surface on the adjacent sidewalk. In order to impose liability upon the defendants, there must be evidence tending to show the existence of a dangerous or defective condition and that the defendants either created the condition or had actual or constructive knowledge of it (see, Gordon v American Museum of Natural History, 67 NY2d 836). The mere fact that the sidewalk was wet was not sufficient to establish a dangerous condition (see, Marks v Andros Broadway, 38 AD2d 926, affd 32 NY2d 727).

With regard to the plaintiff's claim that a vegetable leaf on the sidewalk was an additional cause of her fall, the plaintiff failed to show that the defendants created the condition or had actual or constructive notice thereof (see, Bogart v Woolworth Co., 24 NY2d 936). Rosenblatt, J. P., Sullivan, Joy and Luciano, JJ., concur.

■ THOMAS J. PENNA, Respondent, v CITY OF NEW YORK et al., Defendants, and HYSTER Co., Appellant [671 NYS2d 274] —In an action to recover damages for personal injuries, the defendant Hyster Co. appeals from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated April 29, 1997, as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

Since the appellant made a prima facie showing that there was no defect in the product in question, the opponents of its cross motion for summary judgment were required to submit evidentiary facts by expert affidavit demonstrating the existence of a triable issue of fact (see, Powles v Wean United Corp., 126 AD2d 624). The opponents failed to do so, and the appellant's motion should have been granted. O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.