◼ ROBIN KING, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [698 NYS2d 328] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Queens County (Golia, J.), dated September 2, 1998, as denied that branch of its motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint is granted, and the complaint is dismissed.

The plaintiff slipped and fell as she descended an exposed subway staircase during a heavy rainstorm. The plaintiff contends that the steps were slippery due to the rain.

The defendant established its entitlement to judgment as a matter of law, and the plaintiff failed to raise a material issue of fact to preclude summary judgment. To impose liability upon the defendant, there must be evidence tending to show the existence of a dangerous or defective condition and that the defendant either created the condition or had actual or constructive knowledge of it (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Patrick v Cho's Fruit & Vegetables,* 248 AD2d 692). The mere fact that the exposed staircase was wet from the rain is insufficient to establish a dangerous condition (*see, Patrick v Cho's Fruit & Vegetables, supra; Wessels v Service Mdse.,* 187 AD2d 837; *Marks v Andros Broadway,* 38 AD2d 926, *affd* 32 NY2d 727; *Bacon v Altamont Farms,* 33 AD2d 708, *affd* 27 NY2d 936). There is no evidence to support a contention that the staircase was improperly designed or constructed (*see, Rosario v New York City Tr. Auth.,* 215 AD2d 364). Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.