■ RUTH RAISNER et al., Appellants, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [707 NYS2d 498] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated February 11, 1999, which granted the motion of the defendant New York City Transit Authority for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The injured plaintiff allegedly stepped into a depression in the street while alighting from a New York City Transit Authority (hereafter NYCTA) bus. The accident was not reported to the bus driver. In a notice of claim against the NYCTA, she asserted that, at an approximate time, while disembarking a "New York City bus" at the southeast corner of 188th Street and 73rd Avenue in Fresh Meadows, Queens, she fell "as a result of the negligence of the bus driver in stopping the bus over a hole". However, she failed to identify the route number of the bus.

The plaintiffs allege that the bus driver, as an employee of the NYCTA, violated a duty of care to an alighting passenger to stop at a point where the passenger may safely disembark

(*see, Miller v Fernan,* 73 NY2d 844; *Dunham v City of New York,* 262 AD2d 444; *Diedrick v City of New York,* 162 AD2d 496). The NYCTA moved to dismiss the complaint and all cross claims insofar as asserted against it on the ground, *inter alia,* that the notice of claim was insufficient. The Supreme Court granted the motion. We affirm.

The plaintiffs' failure to identify the route number of the bus involved in the accident in the notice of claim constituted a defect which could have been corrected by referring to the evidence adduced at the hearing pursuant to General Municipal Law § 50-h (*see, D'Alessandro v New York City Tr. Auth.,* 83 NY2d 891; *Dillon v Manhattan & Bronx Surface Tr. Operating Auth.,* 182 AD2d 553). However, at that hearing, the injured plaintiff acknowledged that she did not know the route number of the bus involved. It could have been either a Q 17 or a Q 75, but she did not know which one. She was unable to provide any other identifying information, and did not know whether the bus driver was a man or a woman.

The test for the sufficiency of a notice of claim is whether the notice of claim contains information sufficient to enable the municipality to investigate the claim (*see, O'Brien v City of Syracuse,* 54 NY2d 353, 358). Since the gravamen of the plaintiffs' cause of action against the NYCTA was based upon the alleged negligence of the driver of an unidentified bus, the notice of claim was insufficient to conduct a meaningful investigation.

Accordingly, the complaint was properly dismissed insofar as asserted against the NYCTA. Mangano, P. J., Bracken, S. Miller and Goldstein, JJ., concur.