■ SHARON GENTLES, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [712 NYS2d 875] —In an action to recover damages for personal injuries, the plaintiff appeals from

an order of the Supreme Court, Kings County (Bruno, J.), dated September 13, 1999, which granted the defendant leave to move for summary judgment dismissing the complaint more than 120 days after the plaintiff filed a note of issue, and thereupon granted the motion.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the defendant leave to move for summary judgment, although its motion was made more than 120 days after the plaintiff filed a note of issue (*see, Quinlan v Kaufman,* 258 AD2d 453; *Anzalone v Varis,* 254 AD2d 381; *Eason v Herber Middle School,* 250 AD2d 807).

The plaintiff fell on an exposed staircase that was wet from rain. In opposition to the defendant's prima facie showing of entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact as to whether the wet stairs constituted a dangerous condition (*see, King v New York City Tr. Auth.,* 266 AD2d 354; *Patrick v Cho's Fruit & Vegetables,* 248 AD2d 692; *Wessels v Service Mdse.,* 187 AD2d 837; *Marks v Andros Broadway,* 38 AD2d 926, *affd* 32 NY2d 727). Furthermore, the plaintiff failed to submit proof in admissible form to support her contention that the staircase was designed or constructed improperly (*see, Rosario v New York City Tr. Auth.,* 215 AD2d 364; *Hagan v General Motors Corp.,* 194 AD2d 766, 768; *Abrahamsen v Brockway Glass Co.,* 156 AD2d 615, 617). Mangano, P. J., Santucci, Krausman, Florio and Schmidt, JJ., concur.