■ ERICA F. SADOWSKY et al., Respondents, v 2175 WANTAGH AVENUE CORP., Defendant and Third-Party Plaintiff-Appellant-Respondent. ISLAND MASONRY & CONSTRUCTION CORP., Third-Party Defendant-Appellant. [721 NYS2d 665] —In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff, 2175 Wantagh Avenue Corp., a/k/a Wantagh Avenue Corp. 2175, and the third-party defendant, Island Masonry & Construction Corp., separately appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), dated November 8, 1999, which denied their respective motions for summary judgment dismissing the complaint and the third-party complaint.

Ordered that the order is reversed, on the law, with one bill of costs, the motions are granted, and the complaint and the third-party complaint are dismissed.

On June 20, 1996, the injured plaintiff, Erica F. Sadowsky, allegedly slipped and fell on an elevated outdoor deck as she was entering the premises owned by the defendant third-party plaintiff, 2175 Wantagh Avenue Corp., a/k/a Wantagh Avenue Corp. 2175 (hereinafter Wantagh). The plaintiffs contend that the deck was slippery due to rain. Before the replacement of the deck in 1994, the old deck, which had become rotten, was covered with indoor/outdoor carpeting. There was no carpeting on the new deck. The plaintiffs allege that Wantagh created a dangerous condition, i.e., a chronically slippery surface whenever the deck became wet, by failing to carpet the new deck. Wantagh impleaded Island Masonry & Construction Corp. (hereinafter Island), which built the new deck. Wantagh and Island separately moved for summary judgment. The motions were denied, and we reverse.

In order to impose liability upon a defendant in a slip and fall case, there must be evidence tending to show the existence of a dangerous or defective condition, and that the defendant either created the condition or had actual or constructive knowledge of it (*see, Gordon v American Museum of Natural History*, 67 NY2d 836; *King v New York City Tr. Auth.*, 266 AD2d 354; *Patrick v Cho's Fruit & Vegetables*, 248 AD2d 692). The mere fact that the outdoor deck was wet from the rain is insufficient to establish the existence of a dangerous condition

(*see, Miller v Gimbel Bros.*, 262 NY 107; *King v New York City Tr. Auth., supra*; *Patrick v Cho's Fruit & Vegetables, supra*; *Wessels v Service Mdse.*, 187 AD2d 837; *Bacon v Altamont Farms*, 33 AD2d 708, *affd* 27 NY2d 936; *Miller v Easley*, 9 AD2d 978; *Feigenbaum v City of New York*, 271 App Div 787). Moreover, the fact that the deck recurrently became wet from rain does not impose liability on Wantagh. The fact that a pre-existing structure had been covered with carpeting is irrelevant to determining whether a dangerous condition existed with regard to the new structure that replaced it.

Since there is no evidence that the deck was improperly constructed or designed (*see, King v New York City Tr. Auth., supra*), liability cannot be imposed on Island.

Accordingly, summary judgment should have been granted in favor of Wantagh and Island. Santucci, J. P., S. Miller, Florio and Schmidt, JJ., concur.