■ FELICE BRENNER et al., Appellants, v NEW YORK CITY BOARD OF EDUCATION et al., Respondents. [745 NYS2d 493] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Solomon, J.), entered February 13, 2001, which, upon granting the motion of the defendant New York City Board of Education pursuant to CPLR 4401 for judgment in its favor as a matter of law dismissing the complaint insofar as asserted against it, and upon a jury verdict finding the plaintiff Felice Brenner to be 70% at fault in the happening of the accident and the defendant Edward Trerise to be 30% at fault in the happening of the accident, is in favor of the plaintiff Felice Brenner and against the defendant Edward Trerise in the principal sum of only $2,115.

Ordered that the judgment is affirmed, with one bill of costs.

The plaintiffs failed to offer any proof that the door which allegedly injured the plaintiff Felice Brenner was defective or that the defendant New York City Board of Education (hereinafter the Board of Education) had notice of any alleged defect (*see Aquila v Nathan's Famous,* 284 AD2d 287; *Pacht v International Bus. Machs.,* 228 AD2d 422). Accordingly, the Supreme Court properly dismissed the cause of action asserted against the Board of Education, to recover damages for negligent maintenance of the door (*see Fasolino v Charming Stores,* 77 NY2d 847, 848; *DiGiovanni v Rausch,* 226 AD2d 420).

The Supreme Court properly denied the plaintiffs' motion for leave to amend their complaint to include a negligence claim against the Board of Education based on the theory of respondeat superior (*see Castagne v Barouh,* 249 AD2d 257; *Felix v Lettre,* 204 AD2d 679, 680; *Chainani v Board of Educ. of City of N.Y.,* 201 AD2d 693, 696, *affd* 87 NY2d 370; *Mazzilli v City of New York,* 154 AD2d 355; *DiMauro v Metropolitan Suburban Bus Auth.,* 105 AD2d 236).

The plaintiffs' remaining contentions are without merit. O'Brien, J.P., Friedmann, McGinity and H. Miller, JJ., concur.