■ THEODORA RICHARDSON et al., Respondents, v LEN CAMPANELLI et al., Appellants. [748 NYS2d 31] 

The injured plaintiff, Theodora Richardson, allegedly slipped and fell on the defendants' blacktop driveway apron, the area of the driveway between the sidewalk and the street, as she was leaving the premises. It was raining and the apron was wet. The plaintiffs contend that the apron was dangerously smooth and slippery and that the defendants created or increased the dangerous condition by sealcoating the blacktop. The Supreme Court denied the defendants' motion for summary judgment finding the existence of triable issues of fact. We disagree.

To impose liability upon the defendants, there must be evidence tending to show the existence of a dangerous or defective condition and that the defendants either created the condition or had actual or constructive knowledge of it (*see Gordon v American Museum of Natural History,* 67 NY2d 836; *King v New York City Tr. Auth.,* 266 AD2d 354; *Patrick v Cho's Fruit & Vegetables,* 248 AD2d 692). The mere fact that the driveway apron was wet from the rain is insufficient to establish a dangerous condition (*see Miller v Gimbel Bros.,* 262 NY 107; *Sadowsky v 2175 Wantagh Ave. Corp.,* 281 AD2d 407; *King v New York City Tr. Auth., supra*; *Patrick v Cho's Fruit & Vegetables, supra*; *Wessels v Service Mdse.,* 187 AD2d 837; *Bacon v Altamont Farms,* 33 AD2d 708, *affd* 27 NY2d 936).

Moreover, there is no evidence that the apron was improperly constructed or designed (*see King v New York City Tr. Auth., supra*) or that it was otherwise defective. The deposition testimony established that the blacktop was "like new" and that there were no holes or cracks in, or debris on, the surface of the apron.

Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted. Santucci, J.P., Schmidt, Townes and Cozier, JJ., concur.