■ CATHERINE J. STANIEWICZ, Appellant, v STOP & SHOP SUPER FOOD MARKET COMPANY, Respondent. [769 NYS2d 750]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered November 13, 2002, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant established its prima facie entitlement to judgment as a matter of law by demonstrating that it neither created the alleged defective condition which caused the plaintiff to fall, nor had actual or constructive notice of it (*see Piacquadio v Recine Realty Corp.,* 84 NY2d 967 [1994]; *Richardson v Campanelli,* 297 AD2d 794 [2002]; *Kershner v Pathmark Stores,* 280 AD2d 583 [2001]; *Patrick v Cho's Fruit & Vegetables,* 248

AD2d 692 [1998]; *Katsoris v Waldbaum, Inc.*, 241 AD2d 511 [1997]; *Kraemer v K-Mart Corp.*, 226 AD2d 590 [1996]). In opposition to the defendant's motion, the plaintiff failed to come forward with evidence sufficient to raise a triable issue of fact (*see Piacquadio v Recine Realty Corp., supra; Richardson v Campanelli, supra; Kershner v Pathmark Stores, supra; Patrick v Cho's Fruit & Vegetables, supra; Katsoris v Waldbaum, Inc., supra; Kraemer v K-Mart Corp., supra*). The statement of the alleged eyewitness submitted by the plaintiff was not in admissible form and, in any event, was insufficient to raise an issue of fact to defeat the defendant's motion for summary judgment (*see* CPLR 3212 [b]). Santucci, J.P., Krausman, Schmidt and Rivera, JJ., concur.