■ CANDACE BODDEN, Appellant, v MAYFAIR SUPERMARKETS, INC., Doing Business as EDWARDS SUPER FOOD STORES, et al., Respondents. [773 NYS2d 905]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Joseph, J.), entered September 26, 2002, which granted the separate motions of the defendants for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them. "To impose liability upon the defendants, there must be evidence tending to show the existence of a dangerous or defective condition and that the defendants either created the condition or had actual or constructive knowledge of it" (*Richardson v Campanelli*, 297 AD2d 794 [2002]; *see Staniewicz v Stop & Shop Super Food Mkt. Co.*, 3 AD3d 487 [2004]).

Contrary to the plaintiff's contention, the defendants established their entitlement to judgment as a matter of law. In opposition, the plaintiff failed to raise a triable issue of fact, as there was no evidence that a dangerous condition existed (*see Marusevich v Great Atl. & Pac. Tea Co.*, 309 AD2d 839, 840 [2003]; *Crawford v Pick Quick Foods*, 300 AD2d 431, 432 [2002]; *Brenner v New York City Bd. of Educ.*, 296 AD2d 519 [2002]; *Aquila v Nathan's Famous*, 284 AD2d 287 [2001]; *Maldonado v Su Jong Lee*, 278 AD2d 206 [2000]; *Pacht v International Bus. Machs.*, 228 AD2d 422 [1996]). "Rather, the proof established that the plaintiff's own negligence was the sole proximate cause of [her] injuries" (*Robles v Ascan Welding Serv.*, 200 AD2d 564 [1994]; *see Bennett v Town of Brookhaven*, 233 AD2d 356 [1996]).

The plaintiff's remaining contentions are without merit. Smith, J.P., Goldstein, Luciano and Adams, JJ., concur.