■ NODAR KATZ et al., Respondents, v SEMINOLE REALTY CORP. et al., Defendants, and DITMAS MANAGEMENT CORP. et al., Appellants. [780 NYS2d 778]—

In an action to recover damages for personal injuries, etc., the defendants Ditmas Management Corp. and Seminole Realty Co., appeal from an order of the Supreme Court, Kings County (Martin, J.), dated January 13, 2004, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed insofar as asserted against them.

The injured plaintiff alleged that he slipped and fell due to the presence of water on a staircase located in a building owned by the defendant Seminole Realty Co., and managed by the defendant Ditmas Management Corp. To impose liability upon a defendant in a slip-and-fall case, there must be evidence tending to show the existence of a dangerous condition and that the defendant either created the defect or had actual or constructive notice of it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Sadowsky v 2175 Wantagh Ave. Corp.*, 281 AD2d 407 [2001]; *King v New York City Tr. Auth.*, 266 AD2d 354 [1999]; *Patrick v Cho's Fruit & Vegetables*, 248 AD2d 692 [1998]). The appellants established their prima facie entitlement to judgment as a matter of law by demonstrating that they neither had notice of the condition complained of nor created it (*see Manzione v Wal-Mart Stores*, 295 AD2d 484 [2002]). In opposition, the plaintiffs failed to raise a triable issue of fact. The affidavit of the injured plaintiff submitted in opposition to the motion constituted an attempt to avoid the consequences of his earlier deposition testimony by raising feigned issues of fact with respect to the issue of notice, and thus, it was insufficient

to defeat the motion for summary judgment (*see Krohn v Melanson,* 298 AD2d 510 [2002]; *Raisner v City of New York,* 272 AD2d 460 [2000]; *Garvin v Rosenberg,* 204 AD2d 388 [1994]).

Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Santucci, J.P., Goldstein, Luciano and Mastro, JJ., concur.