■ Daisy Medina, Appellant, v Sears, Roebuck and Co., Respondent. [839 NYS2d 162]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Nastasi, J.), entered November 22, 2005, which granted the defendant's motion for summary judgment dismissing the complaint and (2), as limited by her brief, from so much of an order of the same court entered February 6, 2006, as denied those branches of her motion which were for leave to renew and for leave to amend her bill of particulars.

Ordered that the order entered November 22, 2005 is affirmed; and it is further,

Ordered that the order entered February 6, 2006 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff allegedly slipped and fell on an uncovered ramp which connected the rooftop parking lot to a merchandise pickup area of the defendant's building. The ramp was wet from rain which had started about 10 minutes before the accident. The essence of the plaintiff's complaint, as set out in her original bill of particulars, was that the defendant was negligent in allowing the ramp to become wet due to the rain.

In order to impose liability upon a defendant in a slip-and-fall case, there must be evidence tending to show the existence of a dangerous condition and that the defendant either created the defect or had actual or constructive notice of it. The mere fact that the ramp became wet from the rain was insufficient to establish the existence of a dangerous condition (*see Richardson v Campanelli*, 297 AD2d 794 [2002]; *Sadowsky v 2175 Wantagh Ave. Corp.*, 281 AD2d 407 [2001]; *King v New York City Tr. Auth.*, 266 AD2d 354 [1999]; *Patrick v Cho's Fruit & Vegetables*, 248 AD2d 692 [1998]; *see also Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Gentles v New York City Tr. Auth.*, 275 AD2d 388 [2000]).

The plaintiff's new theory of negligence, that the defendant created a defective condition in that the ramp was excessively sloped and lacked handrails in violation of Administrative Code of the City of New York § 27-377, was alleged for the first time in opposition to the defendant's motion. "While modern practice permits a plaintiff to successfully oppose a motion for summary judgment by relying on an unpleaded cause of action which is supported by the plaintiff's submissions" (*Comsewogue*

*Union Free School Dist. v Allied-Trent Roofing Sys., Inc.,* 15 AD3d 523, 524 [2005]; *see Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 280 [1978]; *Gold Connection Discount Jewelers v American Dist. Tel. Co.,* 212 AD2d 577, 578 [1995]), here, the plaintiff's protracted delay in presenting the new theory of liability by way of a supplemental bill of particulars, served without leave of the court after the note of issue had been filed, warranted the Supreme Court's rejection of the argument (*see Mainline Elec. Corp. v Pav-Lak Indus., Inc.,* 40 AD3d 939 [2007]; *Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys., Inc., supra*).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.