■ Bobbi Parker, Appellant, v The Shubert Organization Inc., Respondent, et al., Defendant. [838 NYS2d 557]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered June 27, 2006, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Assuming arguendo that defendants made special use of the sidewalk area of plaintiff's alleged fall, plaintiff failed to raise a triable issue as to whether her accident was attributable to the claimed defect, a plaque embedded in the sidewalk (cf. Gage v City of New York, 203 AD2d 118 [1994]). The record provides no basis to conclude that the plaque itself was dangerously slippery, or that it was designed or situated in a way that presented a slipping hazard in the ongoing snowstorm (cf. Radaelli v City of Troy, 229 AD2d 882 [1996]). To the extent that a snow hazard is alleged, we note that there is no evidence that defendants had by the time of the accident commenced snow removal in the area of the accident, much less that they had done so negligently. Further, plaintiff's uncontradicted, consistent deposition testimony that it was snowing at the time she fell, eliminates any issue of fact as to whether defendants were at the time of the accident under an obligation to immediately remove the falling snow (see Stein v State St. Bank & Trust Co. of Conn. N.A., 279 AD2d 427 [2001]). Concur—Lippman, P.J., Mazzarelli, Marlow, Buckley and Malone, JJ.