■ TERECA MORGAN et al., Appellants, v CITY OF NEW YORK, Defendant, and FELICIA COLON MANAGEMENT, INC., et al., Respondents. [872 NYS2d 543]—

In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Hurkin-Torres, J.), dated June 28, 2007, which granted the motion of the defendants Felicia Colon Management, Inc., and Neighborhood Partnership II Housing Developmental Fund Company, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The *infant plaintiff* allegedly was injured when she slipped and fell on a staircase leading to the front entrance of a building allegedly owned by the defendant Neighborhood Partnership II Housing Developmental Fund Company, Inc. (hereinafter Neighborhood), and managed by the defendant Felicia Colon Management, Inc. (hereinafter Felicia Colon). At the time of the accident, the staircase was wet from rain.

On their motion for summary judgment dismissing the complaint insofar as asserted against them, Neighborhood and Felicia Colon demonstrated their entitlement to judgment as a matter of law by establishing that the accident did not occur as a result of a dangerous condition on the staircase, and that, in any event, they neither created nor had actual or constructive notice of a dangerous condition on the staircase (*see Richardson v Campanelli*, 297 AD2d 794 [2002]; *King v New York City Tr. Auth.*, 266 AD2d 354 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Gentles v New York City Tr. Auth.*, 275 AD2d 388, 389 [2000]). Accordingly, the Supreme Court properly granted the motion of Neighborhood and Felicia Colon for summary judgment dismissing the complaint insofar as asserted against them. Covello, J.P., Angiolillo, Belen and Chambers, JJ., concur.