■ RAJAT VERMA, Appellant, v CITY OF NEW YORK et al., Respondents. [879 NYS2d 540]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kerrigan, J.), entered June 11, 2008, as granted that branch of the motion of the defendant Queens Borough Public Library, and that branch of cross motion of the defendant City of New York, which were for summary judgment dismissing the amended complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The infant plaintiff allegedly slipped and fell on an outdoor staircase of a branch of the defendant Queens Borough Public Library while he was exiting the building. At the time of the accident, the staircase was wet due to an earlier rainstorm.

On their motions, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them, the defendants demonstrated their entitlement to judgment as a matter of law by establishing that the accident did not occur as a result of a dangerous or defective condition on the staircase, and that, in any event, they neither created nor had actual or constructive notice of any alleged dangerous or defective condition on the staircase (*see Morgan v City of New York,* 59 AD3d 412 [2009]; *Richardson v Campanelli,* 297 AD2d 794 [2002]; *Sadowsky v 2175 Wantagh Ave. Corp.,* 281 AD2d 407 [2001]; *King v New York City Tr. Auth.,* 266 AD2d 354 [1999]).

In opposition, the plaintiff failed to raise a triable issue of fact (*see Gentles v New York City Tr. Auth.,* 275 AD2d 388, 389 [2000]). The findings of the plaintiff's expert were conclusory and insufficient to raise a triable issue of fact (*see Palermo v Ro-*

man *Catholic Diocese of Brooklyn, N.Y.,* 20 AD3d 516 [2005]; *Rodriguez v Kimco Centereach 605,* 298 AD2d 571 [2002]).

Accordingly, the Supreme Court properly awarded the defendants summary judgment dismissing the amended complaint insofar as asserted against them. Mastro, J.P., Miller, Chambers and Austin, JJ., concur.