■ ANDRZEJ LASKOWSKI et al., Respondents, v 525 PARK AVENUE CONDOMINIUM, Appellant, and PRESERV BUILDING RESTORATION MANAGEMENT INCORPORATED et al., Respondents. [941 NYS2d 201]—

In an action to recover damages for personal injuries, etc., the defendant 525 Park Avenue Condominium appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated December 16, 2010, as denied those branches of its motion which were for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it and for summary judgment on its cross claim against the defendant Preserv Building Restoration Management Incorporated for contractual indemnification, granted those branches of the separate motions of the defendant Preserv Building Restoration Management Incorporated, and the defendants M.C. Construction Consulting Corp. and Marian Czajka, individually and doing business as M.C. Construction Consulting Corp., which were for summary judgment dismissing the common-law negligence cause of action insofar as asserted against each of them, and granted that branch of the motion of the defendants M.C. Construction Consulting Corp. and Marian Czajka, individually and doing business as M.C. Construction Consulting Corp., which was for summary judgment dismissing its cross claims against them for common-law indemnification.

Ordered that the appeal from so much of the order as granted those branches of the separate motions of the defendant Preserv Building Restoration Management Incorporated, and the defendants M.C. Construction Consulting Corp. and Marian Czajka, individually and doing business as M.C. Construction Consulting Corp., which were for summary judgment dismissing the common-law negligence cause of action insofar as asserted against each of them is dismissed, as the defendant 525 Park Avenue Condominium is not aggrieved by that portion of the order appealed from (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 152 [2010]); and it is further,

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendants M.C. Construction Consulting Corp. and Marian Czajka, individually and doing business as M.C. Construction Consulting Corp., which was for summary judgment dismissing the cross claims of the defendant 525 Park Avenue Condominium against them for common-law indemnification is dismissed as academic, in light of the determination of the appeal from so much of the order as denied that branch of the motion of the defendant 525 Park Avenue Condominium which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it; and it is further,

Ordered that the order is modified, on the law and the facts, (1) by deleting the provision thereof denying that branch of the motion of the defendant 525 Park Avenue Condominium which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it, and substituting therefor a provision granting that branch of the motion, and (2) by adding thereto a provision searching the record, and awarding the defendant Preserv Building Restoration Management Incorporated summary judgment dismissing the cross claim of the defendant 525 Park Avenue Condominium for contractual indemnification; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant 525 Park Avenue Condominium payable by the plaintiffs, and one bill of costs is awarded to the defendants Preserv Building Restoration Management Incorporated, M.C. Construction Consulting Corp., and Marian Czajka, individually and doing business as M.C. Construction Consulting Corp., payable by the defendant 525 Park Avenue Condominium.

On October 1, 2007, the plaintiff Andrzej Laskowski (hereinafter the plaintiff) allegedly sustained injuries after falling from a fire escape ladder on premises owned by the defendant 525

Park Avenue Condominium (hereinafter 525 Park). 525 Park had hired the defendant Preserv Building Restoration Management Incorporated (hereinafter Preserv) to perform certain work on balconies located on the premises, and Preserv had in turn hired the defendant M.C. Construction Consulting Corp. (hereinafter MCC) as a subcontractor. MCC was owned by the defendant Marian Czajka. The plaintiff, who was a friend of Czajka, was not employed by any of the defendants at the time of the accident. Rather, the plaintiff was on the premises solely to drop off various documents for Czajka pertaining to a project completely unrelated to the work being performed on the premises. He decided to climb the fire escape ladder because he was interested in observing the work MCC was performing on the balconies.

The plaintiff commenced this action against the defendants, alleging common-law negligence and violations of the Labor Law. His wife asserted a cause of action to recover damages for loss of consortium. The defendants asserted various cross claims against one another. 525 Park sought, inter alia, contractual indemnification from Preserv and common-law indemnification from MCC and Czajka.

The defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court determined that all of the defendants were entitled to summary judgment dismissing the Labor Law causes of action, and that Preserv, MCC, and Czajka were entitled to summary judgment dismissing the common-law negligence cause of action insofar as asserted against them. The Supreme Court, however, denied that branch of 525 Park's motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it. Additionally, the Supreme Court, inter alia, denied that branch of 525 Park's motion which was for summary judgment on its cross claim against Preserv for contractual indemnification, and granted that branch of MCC and Czajka's motion which was for summary judgment dismissing 525 Park's cross claims against them for common-law indemnification.

The Supreme Court erred in denying that branch of 525 Park's motion which was for summary judgment dismissing the common-law negligence cause of action insofar as asserted against it. 525 Park established, prima facie, that the plaintiff did not know the cause of his fall from the fire escape ladder. The plaintiff merely speculated, but did not know, that the ladder shook. "A plaintiff's speculation as to causation does not create the factual issue warranting trial" (*Thomas v Our Lady*

*of Mercy Med. Ctr.*, 289 AD2d 37, 38 [2001]; *see Costantino v Webel*, 57 AD3d 472 [2008]; *Moody v Woolworth Co.*, 288 AD2d 446, 446-447 [2001]). Moreover, even if the plaintiff fell because the fire escape ladder shook, 525 Park established, prima facie, its entitlement to summary judgment by showing that the ladder was not defective. The affidavit of the plaintiffs' expert, submitted in opposition to the motion, regarding ladder safety failed to raise a triable issue of fact, as that affidavit was entirely conclusory and unsubstantiated (*see Verma v City of New York*, 62 AD3d 863 [2009]; *Crawford v Jefferson House Assoc., LLC*, 57 AD3d 822, 823 [2008]; *Trummer v Niewisch*, 17 AD3d 349, 350 [2005]; *Ambrosio v South Huntington Union Free School Dist.*, 249 AD2d 346, 346-347 [1998]). In addition, contrary to the Supreme Court's determination, 525 Park properly submitted its own expert's affidavit in reply to the plaintiffs' opposition papers under the circumstances (*see Trojahn v O'Neill*, 5 AD3d 472, 473 [2004]).

The Supreme Court properly denied that branch of the motion of 525 Park which was for summary judgment on its contractual indemnification claim against Preserv. Moreover, upon searching the record, we find that Preserv is entitled to summary judgment dismissing 525 Park's cross claim against it for contractual indemnification (*see Masi v Kir Munsey Park 020 LLC*, 76 AD3d 514 [2010]). It is apparent from the record that 525 Park cannot satisfy several prerequisites necessary to trigger the indemnification provision, including the requirement that any claim must "arise out of, or result from, the performance of [the] work" (*Loiek v 1133 Fifth Ave. Corp.*, 46 AD3d 766, 767 [2007]).

In light of our determination, the parties' remaining contentions have been rendered academic (*see Stagno v 143-50 Hoover Owners Corp.*, 48 AD3d 548, 549-550 [2008]; *Abbattista v King's Grant Master Assn., Inc.*, 39 AD3d 439, 442 [2007]). Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.